# Louisville & Nashville Railroad Co. *v*. Perkins.

*Action for Death of Passenger.*

(Decided July 2, 1907.  44 South. 602.)

1. *Carriers; Death of Passenger; Negligence; Complaint.*—A count in the complaint alleging the character of defendant and that it so

negligently conducted its business that by reason of such negligence plaintiff's intestate, who was a passenger on one of its trains, received a personal injury which caused his death, states a good cause of action in simple negligence.

2. *Negligence; Wanton or Wilful; Contributory Negligence; Pleading.*—The only proper plea in answer to a count charging wanton or wilful misconduct is a general traverse; a plea of contributory negligence is not a defense thereto.

3. *Carriers; Passengers; Wilful Injury; Negligence.*—The facts of this case stated and examined and held to constitute wanton or wilful negligence or nothing; and, therefore, not to support a count in simple negligence.

4. *Trial; Want of Evidence; General Charge.*—Where there is entire want of evidence to support a count it becomes the duty of the court to instruct the jury without hypothesis to find for the defendant as to such count, and the fact that the general charge requested as to such count was without hypothesis, did not authorize its refusal.

5. *Pleading; Denying Appointment of Administrator.*—A plea which denies the appointment of one as administrator who sues in such representative capacity is sufficient.

6. *Administrators; Appointment; Time of Taking Effect.*—The appointment of an administrator takes effect as of the date of the decree making the appointment, and not as of the day of its entry on the minutes.

7. *Same; Collateral Atack.*—The fact that the decree appointing the administrator had not been formally entered at the time of the bringing of the suit by the administrator is not available to defeat the action brought by such administrator since a plea to that effect in such an action is a collateral attack upon the appointment.

8. *Courts; Correction of Records; Entry Nunc pro Tunc.*—Where the decree appointing the administrator was entered upon the minutes within three months after its rendition as required by subd. 2 of sec. 3855, Code 1896, it would be improper for the court to complete the minute entry and decrees relating to the same under provisions of subd. 7, of sec. 3372, Code 1896.

APPEAL from Butler Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by W. L. Perkins, as administrator of Isaac R. Dyke, against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This was an action by W. L. Perkins, as administrator of Isaac R. Dyke, to recover damages for the death of his intestate. The first count predicated recovery upon simple negligence, and the other two counts were

for wanton, willful, or intentional conduct which resulted in injury, producing death. Plea 7 is in the following language: "This defendant says it denies that the plaintiff was ever appointed administrator of the estate of said Isaac R. Dyke before the bringing of this suit." Demurrers were interposed to this plea, setting up that it was in effect a collateral attack upon the appointment of the administrator, and because such questions could not be properly pleaded in this action.

The evidence for the plaintiff tended to show that the intestate was an old man, over 80 years of age; that he was placed on a Louisville & Nashville train at Mobile, with a ticket to Geneva; that it was necessary for him to change cars at Georgiana; and that, although the train stopped there the usual time, the old man was not seen to have gotten off, and no one seems to have known whether he got off or not. He was found the next morning, about half way between the station of Georgiana and Chapman, almost frozen to death, and from the effects of which he died. One witness testified that on a January evening, when the weather was very cold, he saw this particular train passing near the point where the old man was found, and at that time he saw two white men in the uniform of the Louisville & Nashville Railroad Company come onto the rear platform of the rear car, and while the train was running shove or push the old man, not from the steps, but from the platform, of the car. At the place where the old man was found it was rough and uneven, and on an embankment at the foot of which was a pond of water. The evidence of the defendant tended to dispute all these propositions very strongly, except that it was admitted that the old man was a passenger to Geneva, and that he was found at the place and in the condition which resulted in his death. It was shown that there was a deadhead coach attached

to the rear of this particular train, on which was riding the crew of the coach, a conductor and flagman, and they testified that no such occurrence as that testified to by plaintiff's witness occurred on their coach, and that no one came through their coach between Georgiana and Montgomery.

In reference to the plea of ne unques administrator, the facts were as follows: This suit was brought by service of summons and complaint on the 1st day of April. On the 9th day of February, 1903, a petition for letters of administration was filed in the probate court of Washington county, Ala., by the plaintiff. On the same day the probate judge issued letters of administration in the form required by section 57 of the Code, and on the same day wrote out a formal order appointing plaintiff adminstrator, but did not sign it nor was the indorsement of filing signed by him. On the 10th day of April, 1903, the unsigned order which was written was substantially reproduced on the minutes as a signed decree, being entered on that day on the minutes of the court. The probate judge testified substantially to these facts. The plaintiff introduced the letters of administration. Objection was interposed to the testimony as to when the judgment was entered, and as to when the unsigned order was made a part of the minute, which objection was sustained by the court.

The only charge considered is set out in the opinion of the court. There was verdict and judgment for plaistiff, assessing his damages at $16,000, and from that judgment this appeal is prosecuted.

GEORGE W. JONES, PEARSON, RICHARDSON & SMYTHE. and J. M. CHILTON, for appellant.

E. P. WILSON, POWELL & HAMILTON, and MCALPINE & ROBINSON, for appellee.

McCLELLAN, J.—On a former appeal this court passed upon several of the questions now presented for review. So to these no new consideration will be given. —*L. & N. R. R. Co. v. Perkins, Adm'r,* 144 Ala. 325, 39 South. 305.

Besides counts seeking recovery of damages for, it is averred, wanton, willful, or intentional acts resulting in the death of appellee's intestate, there is a count (the first) which, eliminating its formal features, is in the following language: "That on, to-wit, the 3d day of January, 1903, the defendant was engaged in operating a railroad as a common carrier in the state of Alabama, and in the county of Butler in said state, and said defendant then and there so negligently conducted said business that by reason of such negligence plaintiff's intestate, who was a passenger on one of defendant's passenger trains, received personal injuries which caused his death." This is, of course, a good count for simple negligence. Upon the conclusion of the testimony the defendant requested the court in writing to give and read to the jury this charge: "(3) There can be no recovery in this case under the first count of the complaint." The court refused it, and this action is assigned as error. Beginning with the *Johnston Case,* 79 Ala. 436, an announcement repeatedly reaffirmed in subsequent decisions, this court declared the rule that there can be no recovery on a count averring a willful or wanton wrong, where the testimony adduced shows only an act or omission constituting simple negligence. The principle recognized the well-defined distinction between the two actionable wrongs. Negligence, though incapable of translation into satisfactory definition, excludes the idea of intention; and under our decisions wantonness is but descriptive of a condition so consciously leading to harmful results that the party charged may be

deemed to have intended such results from his conscious dereliction or affirmative action. A corollary, resulting from the foregoing settled principles, is that on a count in simple negligence there can be no recovery, where the testimony adduced tends to establish only an intentional or wanton wrong.—*Railroad v. Markee,* 103 Ala. 161, 15 South. 511, 49 Am. St. Rep. 21; 1 Shear. & Red. on Neg. § 7.

To a count for willfulness or wantonness the only proper plea is a general traverse of the allegations. Contributory negligence is a plea inhibited, under our adjudications. To a count in simple negligence the contributory negligence of the injured party is pleadable. Against the former, however aggravated may be the injured party's misconduct, it cannot be interposed to modify or defeat recovery. Against the latter, if his misconduct proximately contributes to the injury, his recovery is wholly barred. So it is clear that not only is the distinction between intentional wrong and simple negligence important and wisely maintained in the primary pleading, but also that to each, respectively, wholesome and marked differences exist in the matter of defenses allowable. Somewhat illustrative of the principle, as a matter of pleading, it follows that a replication setting up, in answer to a proper plea of contributory negligence, the intentional or wanton infliction of the injury, would be a patent departure from the cause of action—simple negligence, a characteristic of which is the absence of intention in the act originally counted on. It is elementary that a replication must not be repugnant to the original cause of action.—*Herring v. Skaggs,* 73 Ala. 446.

The first count is wholly without support, in fact or justifiable inference, under the record before us. The testimony adduced, regardless of its source, tends to

show only and solely a willful or wanton wrong, resulting in the death of intestate. The record is entirely silent as to any fact or inference warranting a conclusion that negligence proximately caused the death of intestate. Such being the state of the case, the defendant was entitled to the affirmative charge asserting that there could be no recovery under the first count; and, if properly formed, its refusal was prejudicial error. There is, of course, no merit in the suggestion that, if error at all, no injury resulted to defendant, because the verdict is referable to other counts to sustain which there was evidence tending to do. Injury is presumed to follow error, unless the record affirmatively shows the contrary. There is no meeting of this condition by this record.

It is insisted that the charge is bad because it directs, without hypothesis, that there can be no recovery under the first count. The determination of the question, when presented by appropriate instruction, whether there is any evidence to support material averments of the plaintiff's complaint, or a given count thereof, being one of law, is addressed to the court, and is not within the province of the jury. It necessarily follows that, if the party requesting is entitled to the instruction because there is such want of evidence, hypothesis would be an absurdity. In such cases the jury may be, on proper request, summarily directed in the premises.—Proffat's Jury Trials, § 351 et seq.; 1 Blash. Ins. to Juries, § 5, and notes.

Since the cause must be remanded for another trial, we think it proper to pass upon the question raised by defendant's refused charges, seeking to give effect to the proof offered under plea 7, which denies the representative capacity of plaintiff at the time the suit was instituted. It is conceded that the probate court of Wash-

ington county is a court of general jurisdiction and that its appointment of plaintiff as administrator was effected. But from the facts, which the reporter will summarize, the appellant abstracts the legal proposition that the appointment was not accomplished until the formal entry of the order to that end on the minutes of the court, which was done subsequent to the commencement of the action. While the plea is formally correct, and hence was not subject to the demurrers interposed, yet, after the introduction of the certified copy of the records of the Washington county court, it is clear that the purpose of the plea and the only effect of the proffered testimony directed against the plaintiff's authority was to collaterally assail the order of the appointing court. This cannot, under these circumstances, be done.—*Breeding v. Breeding,* 128 Ala. 412, 30 South. 881; *Bromberg v. Sands,* 127 Ala. 416, 30 South. 510; *Winter v. London,* 99 Ala. 263, 12 South. 438.

But it is insisted that the effort is, not to question the validity of the appointment, but to ascertain the true date thereof. A perfect answer to this contention is that, from the face of the record, it appears that the appointment was made at the special February term. It is no more permissible to collaterally impeach orders or judgments in respect of the assured time of their rendition, as shown by them, than any other part of them. Any other rule would render records of courts extremely uncertain and unreliable. The rendition of a judgment or order is the judicial act involved in the court's pronouncement in the premises; whereas, the entry of the order or judgment is but the performance of the ministerial act consequent upon such rendition.—1 Black on Judgments, § 106. That there must elapse some time between the necessarily antecedent rendition of the

judgment or order and the entry thereof is clearly recognized in subdivision 2 of section 3365 of the Code of 1896. Therein the judge of probate is required to perform the ministerial duty of entering, within three months, on the proper record, the minutes of his official acts and proceedings. We do not understand it to have ever been held in this state that an order or judgment is not such until entered upon the records of the court rendering the judgment or order or decree. Of course, diligence should mark the faithful recordation of orders or judgments, and important consequences may, upon occasion, result from delay in the performance of the duty; but under the influence of the principles above announced, and the statute (section 3365) as well, it is clear that proceedings nunc pro tunc, or appeal to the authority provided by subdivision 7 of section 3372, would be improper where the entry is made within the three months fixed. The *Hudson Cases* (*Hall v. Hudson,* 20 Ala. 284; *Hudson v. Hudson,* Id. 364, 56 Am. Dec. 200), respectively, are not authority here, for the obvious reason that in those cases years had elapsed since rendition, and no entry whatever had ever been made upon the minutes of the court. If it were established that judgments and orders were such only upon entry in their proper place, the uncertainty and confusion resulting would be appalling. It follows that there was no proper issue of the representative capacity of plaintiff triable by the jury; and all alleged testimony to that end might well have been, upon seasonable application, withdrawn from the jury, or it (the jury) instructed that plaintiff was authorized to prosecute the action as the duly appointed administrator of intestate's estate.

[Montgomery Traction Co. v. Haygood.]

There is no occasion to consider other assignments. For the error stated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.