# Goodson v. Dean, Judge, et al.

## Bill to Enjoin Issue of Bonds.

(Decided June 15, 1911.　55 South. 1010.)

1. *Counties; Limitation of Indebtedness; Time of Incurring Debt.* —Under section 224, Constitution 1901, and section 158, Code 1907, it is held that the inhibition is against the indebtedness and not against the preliminary steps to ascertain the wishes of the voters, and hence, the validity of the bond issue would depend on the condition of the county indebtedness when the bonds were issued, and not at the date of the election.

2. *Same; Bond Issue; Illegal Act.*—A tax payer cannot maintain a suit to enjoin the county judge and the county commissioners from issuing bonds for which authority had been voted, on the ground that the issue of the bond would create an unconstitutional indebtedness, since such officers are charged with ascertaining first, whether the authority has been granted for the proposed issue, and second, whether the issue will create an unconstitutional indebtedness, before authorizing an issuance of the bonds, and it will not be presumed that they will issue them illegally.

3. *Same; Issuance.*—Section 168, Code 1907, must be construed in connection with section 224, Constitution 1901, and does not authorize or require the issuance of bonds, although voted for if the issue would be in contravention of the constitution limiting a county's indebtedness to 3½ per cent of the assessed value of its property.

4. *Same; Commissioner's Court; Order; Effect.*—An order of the commissioner's court directing an election to determine whether certain bonds of the county should be issued, was complete when passed and was not defective because the probate judge did not record the order until after the court had adjourned.

APPEAL from Conecuh Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by I. F. Goodson against F. J. Dean, probate judge, and the members of the commissioner's court of Conecuh county seeking to restrain the issuance of certain bonds. From a decree sustaining demurrers to the bill complainants appeal. Affirmed.

MILTON A. RABB, and EDWIN C. PAGE, for appellant.

The issuance of the bonds would create an indebtedness.—*Hagan v. Commissioner's Court,* 160 Ala. 544, and authorities cited. The county had already reached the amount of indebtedness authorized by section 224, Constitution 1901, and to this must be added the aggregate amount of the bond issue.—*Culberson v. City of Fulton,* 127 Ill. 30; *Hedges v. Dixon County,* 150 U. S. 182. The section authorizing the election, must be construed in connection with the Constitution, and cannot authorize or require issuance of bonds beyond the constitutional limit.—Authorities supra, and yet, when this power has been granted there is no discretion in the court, but to follow the plain mandate of the statute, and issue the bonds so voted.—128 U. S. 102; 30 N. Y. Supp. 375; 14 U. S. 304; 94 U. S. 248. Being a taxpayer, complainant could maintain the bill.—*Inge v. Mobile,* 135 Ala. 105; 22 Cyc. 894. The order was insufficient because not entered when made.—*Crenshaw County v. Sykes,* 113 Ala. 627.

HAMILTON & CRUMPTON, for appellee. The election was authorized by section 158, Code 1907, and the bonds may be issued if not exceeding the limitation fixed by section 224, Constitution 1901 as to indebtedness. For what is indebtedness, see.—25 Pac. 508; 49 Supp. 606. It follows that the computation of indebtedness must

[Goodson v. Dean, Judge, et al.]

be made at the time of the issuance of the bond and not at the time of the election which merely authorizes them.—*Corning v. Meed County,* 42 C. A. A. 158. The mere vote did not create an indebtedness, but merely authorized its creation.—*Thompson. E. Co. v. Newton,* 42 Fed. 728. The Board of Revenue had the power only to order the election, to determine the result of the election, and to issue the bonds, if by so doing, the constitutional limitation was not exceeded.—*Dudley v. Board of Commissioners,* 80 Fed. 675; *Rathbone v. Commissioners,* 83 Fed. 130. It will be presumed that the commissioners will do their duty. The order was valid when made, and was not rendered invalid by failure to enter the order.—*L. & N. v. Perkins,* 152 Ala. 141; 1 Black on Judgments, secs. 100, 106; 1 Enc. P. & P. 422.

SIMPSON, J.—The bill in this case is filed by the appellant, as a taxpayer, to enjoin the probate judge and county commissioners from issuing county bonds, after an election had, providing for said bonds. The claim set forth in the bill is that the county of Conecuh is already indebted up to the amount allowed by the Constitution, according to its taxable values, as shown by the assessment books of 1910. The bill alleges that the complainant does not know the exact amount of the debts of the county, over and above a bonded indebtedness which does not reach the limit, and seeks a discovery to ascertain the exact amount of said indebtedness, which it is claimed is over the limit allowed. The bill does not allege that any steps have been taken towards issuing the bonds, but only that "the court of county commissioners of Conecuh county will order issued the negotiable bonds of the county of Conecuh under the supposed authority obtained by virtue of the

election held on the 8th day of November, 1910." De-murrers were interposed to the bill; the gravamen being that the election is shown to have been held according to law, and the bill does not show that any steps have been taken towards the issuing of the bonds.

Section 158 of the Code of 1907 provides for the holding of such elections.

Section 224 of the Constitution of 1901 provides that "no county shall become indebted in an amount, including present indebtedness, greater than three and one-half per centum of the assessed value of property therein."

The prohibition of the Constitution is against the indebtedness, and not against the preliminary steps thereto, in ascertaining the wishes of the voters.

It is evident that the validity of the issue of the bonds must depend upon the condition of the county indebtedness at the time of the issue of the bonds, and not upon its condition at the time of the election.—*Corning v. Board of Com'rs*, 102 Fed. 57, 42 C. C. A. 154, 158; *Thompson-Houston Elec. Co. v. City of Newton* (C. C.) 42 Fed. 723, 728; *Redding et al. v. Esplen Borough et al.* 207 Pa. 248, 56 Atl. 431, 432; *Rathbone v. Board of Com'rs*, 83 Fed. 125, 130, 27 C. C. A. 477; *Dudley v. Board of Co. Com'rs*, 80 Fed. 675, 677, 26 C. C. A. 82; 28 Cyc. 1584.

An injunction should not be issued upon the mere apprehension of the complainant that some illegal act will be done. The county commissioners are charged with the duty of ascertaining, first, whether a majority of the electors have voted in favor of the issue of the bonds; and, second, before the issue of the bonds, whether their issue will create an indebtedness beyond the constitutional limit. In the absence of allegations of any steps taken towards the issue of the bonds, we can-

[Goodson v. Dean, Judge, et al.]

not presume that the commissioners will do an illegal act.—1 High on Inj. (2d Ed.) § 591, p. 391; *Troy v. Com'rs of Doniphan Co.*, 32 Kan. 507, 510, 4 Pac. 1009; 1 Joyce on Inj. § 17, p. 35.

Section 168 of the Code of 1907, which makes it the duty of the commissioners, when the majority of the voters have declared in favor of the bond issue, to issue the bonds, must be construed in connection with the Constitution, and cannot intend that they shall issue the bonds in contravention of the Constitution.

There is no force in the contention that the order of the commissioners' court for the election is invalid because not recorded by the probate judge until after the commissioners' court had adjourned. The action of the court was complete when they passed the order, and the bill alleges that they did make the order.

Section 3314 of the Code requires the judge of probate to record the proceedings of the court, but does not provide when he shall enter them on record. Even as to his own official acts and proceedings, he is allowed three months thereafter within which to record them.— Code, § 5421, subd. 2. At any rate, that would be no cause for granting the injunction, on the principles above announced.

The decree of the court is affirmed.

Affirmed.

ANDERSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.