## Alston v. Dunn, *et al.*

### *Injunction.*

(Decided April 4, 1912. 58 South. 300.)

1. *Injunction; Bill; Sufficiency.*—Where an injunction is sought against a county treasurer to restrain the payment of an illegal warrant, the bill is insufficient if it fails to allege that such treasurer is about to pay or intends to pay such warrant.

2. *Evidence; Presumptions; Official Acts.*—It is the duty of the county treasurer not to pay illegal or void warrants, and it will be presumed, in the absence of a contrary showing that he will decline to pay an illegal warrant.

3. *Appeal and Error; Disposition of the Case.*—Where the pleadings did not call for a dismissal of the case, but merely for a decree on demurrer, a decree sustaining demurrers and dismissing the bill will be corrected on appeal as to the order dismissing the bill.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Bill by James E. Alston against J. C. Dunn and another. From a decree sustaining demurrers to the bill, and dismissing it, complainant appeals. Corrected and affirmed.

The bill alleges that complainant is a resident citizen of Marengo county and a taxpayer, and also a member of the commissioners' court of said county; that Dunn is treasurer of said county, and that the commissioners' court, without presentation of an account or statement of any kind, fully verified, allowed E. E. Taylor a claim for $500; and that the probate judge, as chairman of

such court, had issued a warrant drawn on the county treasurer is favor of said E. E. Taylor for said amount. Other facts are alleged as to the time and manner of the allowance of such claim tending to show its invalidity, but it is nowhere alleged that the treasurer had paid or contemplates paying said warrant.

J. M. MILLER, and B. F. ELMORE, for appellant. As a taxpayer and citizen plaintiff had a right to file this bill against Dunn individually and as an officer.—*Matkin v. Marengo County,* 134 Ala. 275; *Kumpe v. Bynum,* 158 Ala. 311. The county cannot be charged with any claims or expenses except those that are lawful charges against the county as specified in sec. 3313, Code 1907. —*Naftel v. Montgomery County,* 127 Ala. 563; *Simpson v. Lauderdale County,* 56 Ala. 64; *Barbour County v. Horn,* 48 Ala. 649. The bill has equity and should not be dismissed.—*Converse B. Co. v. Geneva County,* 168 Ala. 432; *Woodward v. State,* 55 South. 506; *Gardner v. Knight,* 124 Ala. 273.

ABRAHAMS & TAYLOR, for appellee. It is the duty of the treasurer not to pay an illegal warrant.—Sec. 211, Code 1907; 57 Ala. 209. The presumption is that he will not, and unless the bill shows that he intends to violate his duty, injunction will not be issued.—*Goodson v. Dean,* 55 South. 1010; 98 538; 1 High on Injunctions, 391. If the treasurer pays it his bond is liable. —98 Ala. 535.

SIMPSON, J.—The bill in this case is filed by the appellant against J. C. Dunn, individually and as treasurer of Marengo county, and E. E. Taylor, individually, seeking to enjoin the payment by the said treasurer of a certain warrant, claimed to have been issued by the

commissioners' court, and also to require said warrant to be delivered up and canceled.

Without noticing other defects in the bill, the court correctly held that the bill was subject to the demurrers to the effect that there is no allegation in the bill that the treasurer has any intention of paying the warrant.

The warrant being illegal, it is presumed, in the absence of allegations to the contrary, that the treasurer, whose duty it is to pay only legal warrants, will not pay it. "An injunction should not be issued upon the mere apprehension of the complainant that some illegal act will be done."—*Goodson v. Dean,* 173 Ala. 301, 55 South. 1010, 1011.

The pleadings, however, did not call for the dismissal of the bill, but only for a decree on the demurrers to the bill.

The decree of the court will be corrected, by eliminating that part dismissing the bill, and, as corrected, affirmed.

Corrected and affirmed.

DOWDELL, C. J., and ANDERSON, SAYRE, and SOMERVILLE, JJ., concur. MCCLELLAN and MAYFIELD, JJ., not sitting.