# Adams, Tax Collector *v.* Southern Railway Company.

## *Assumpsit.*

(Decided May 22, 1913. 62 South. 466.)

1. *Appeal and Error; Review; New Trial; Rulings.*—Where the transcript fails to show that a ruling of the court had been invoked as to the admissibility of the evidence, a ground in a motion for a new trial based on the admission of such evidence will not be considered.

2. *Taxation; Court of Commissioners; Record.*—A formal minute or permanent record of the acts of the court of county commissioners in levying a tax need not be entered during the term of the court at which the levy was ordered, to render the levy valid, as it is a mere matter of clerical duty.

3. *Same; Levy.*—In levying a tax, the court of county commissioners of a county do not act judicially, but its act in that regard are legislative under legislative authority.

4. *Same.*—The court of county commissioners may alter or amend an order levying a tax at a subsequent term, although permanently

[Adams, Tax Collector v. Southern Railway Company.]

entered on the record, and they may do this in any manner deemed best within legal limitation.

5. *Same.*—It is not necessary that the record of the court of county commissioners levying taxes shall be kept with technical accuracy of the courts of general jurisdiction.

6. *Same; Acts of Entry.*—The act of the judge of probate as clerk of the court of county commissioners in formally entering the order on the permanent record levying the tax authorized by the. court is a purely ministerial act, as such clerk.

7. *Judgment; Nunc Pro Tunc.*—A judgment of a court of record entered on the record cannot be amended after adjournment of the term except in a nunc pro tunc proceeding.

8. *Highways; Taxes for; Levy; Validity.*—The levy of a special road tax made by the court of county commissioners on a viva voce vote passing a verbal motion and made at a regular session is not rendered invalid because the ministerial duty of recording it was not performed until after the court adjourned.

APPEAL from Marengo Law and Equity Court.

Heard before. Hon. EDWARD J. GILDER.

Action by the Southern Railway Company against Q. S. Adams as Tax Collector, to recover taxes paid under legal compulsion under a special road tax levy alleged to be invalid. Judgment for defendant, and on motion of plaintiff the court set aside such judgment, and defendant appeals. Reversed and remanded.

WILLIAM CUNNINGHAME, for appellant. No presumption is indulged as to the correctness of the action of the court in granting a new trial.—*LeBron v. Morris,* 110 Ala. 115; Acts 1909, p. 356. If the court erred in any of its rulings assigned as grounds, then the granting was not error.—*Pollak v. Winter,* 167 Ala. 320. The commissioners court is a court of record, speaks only through its record, and so long as such records are made and stand, they are the sole and only evidence of the action of the court.—*Speed v. Cox,* 57 Ala. 209; *Crenshaw County v. Sykes,* 113 Ala. 626; *F. & D. Co. v. Mobile County,* 124 Ala. 144. The commissioners court had jurisdiction to levy the tax.—Sec. 215, Constitution

1901; Acts 1909, p. 279; Secs. 134, 138, 3313, 5765, and 5767, Code 1907; *So. Ry. Co. v. Cherokee County,* 144 Ala. 579. The order levying the tax was spread upon the minutes in proper time.—*Adams v. So. Ry.,* 58 South. 397. All presumptions are indulged in favor of the validity of proceedings levying taxes.—*State Auditor v. Jackson County,* 65 Ala. 142. The defendant was entitled to the affirmative charge on the facts.—*Bolling v. M. & M. Ry. Co.,* 128 Ala. 550; *Glass v. Meyer,* 124 Ala. 332.

ABRAMS & TAYLOR, and PETTUS, FULLER & LAPSLEY, for appellee. For three months after the adjournment of the court levying the tax complained of, there was no such order in existence, no record, no note, no memorandum, docket entry, minute entry or written evidence of any kind showing the action taken.—*Crenshaw County v. Sykes,* 113 Ala. 626; *Speed v. Cox,* 57 Ala. 216; *Perryman v. Greenville,* 51 Ala. 507; *Winn v. McCraney,* 156 Ala. 636; *Goodson v. Dean,* 55 South. 1010; *L. & N. v. Perkins,* 152 Ala. 133. It follows from these authorities no written memorial having been made at the time is fatal as parol evidence cannot be introduced to show what action the court took. Under the circumstances parol evidence was admissible to show that what purported to be an order was not in fact an order so rendered.—*L. & N. v. Malone,* 116 Ala. 603. If the order was void, it can be shown in this case.—*Adams v. So. Ry.,* 58 South. 397; *L. & N. v. Malone,* 116 Ala. 603; *Leeth v. Kornman,* 56 South. 755.

PELHAM, J.—The appeal is taken from an order or judgment of the trial court granting the motion of the plaintiff (appellee here) made in that court for a new trial, and setting aside the judgment theretofore rendered in favor of the defendant.

The original suit was brought by the appellee, as plaintiff in the court below, against the appellant here, as tax collector of Marengo county, to recover money alleged as being in the hands of the defendant, which it is averred the plaintiff was required to pay to said tax collector by legal compulsion, for a special county road tax levied by the county, but which plaintiff alleges was not levied under or by virtue of any legal order of the court of county commissioners. The complaint contained two counts—the first count in the code form for money had and received. The second count sets up the facts under which it is alleged the order levying the tax was made or entered, averring, among other things, the levy of the tax to be illegal, because made on an order appearing on the minute or record book of the county commissioners that is invalid because written or transcribed there by one without authority and at a time after the adjournment of the term of the court at which the action in levying the tax purports to have been taken. Demurrers were sustained to this count of the complaint setting up these facts and alleging the order in consquence to be invalid and a false and fraudulent entry or levy in law; and the defendant filed pleas of the general issue and a special plea setting out as an exhibit to the plea a certified copy of the order entered on the minute book or record of the proceedings of the commissioners' court levying the tax, and averred the plaintiff's liability for the tax and due procedure in the collection of the tax under the order or levy. Demurrers to this plea were overruled, and the plaintiff filed four special replications, averring, among other things, in substance and effect that the order contained on the minutes of the commissioners' court as set out as an exhibit to the special plea was not a true minute entry or record of the proceedings of

[Adams, Tax Collector v. Southern Railway Company.]

said court, in that it was not based or transcribed on the
minutes from any written memoranda, notes, or other
writing made at the time or during the term at which
the order purports to have been made but was in fact
copied on the minutes by the probate judge acting in
his capacity as clerk of the commissioners' court from
an order drawn up and deposited in the office by an at-
torney about three months after the adjournment of the
term. The special replications also allege that the or-
der as drawn up by the attorney, filed with the probate
judge and entered on the minutes, was never submitted
to, passed, or adopted by, the court, and that for the
reasons stated and set up by the special replications it
is alleged that the order is invalid. The court sus-
tained demurrers to each of these special replications,
and the case was then tried on the issues thus made up,
upon an agreed statement of facts, which was reduced
to writing.

This written statement of facts must be taken, on this
appeal from the order or judgment granting the mo-
tion for a new trial, as the evidence before the court on
the original trial submitted by both parties without ob-
jection; for, while the ruling of the court in admitting
certain portions of the evidence as set out in the written
agreed statement of facts is made the basis of one of the
grounds of the motion for a new trial, no ruling of the
court on the trial of the case is shown by any part of
the transcript to have been invoked as to the admissibil-
ity of any part of this evidence as set out in the state-
ment of facts agreed upon, and this ground of the mo-
tion, therefore, cannot be considered.—*Smith v. Woolf,*
160 Ala. 644, 49 South. 395; *Montgomery Traction Co.
v. Haygood,* 152 Ala. 142, 44 South. 560; *Ala. Midland
R. R. Co. v. Brown,* 129 Ala. 282, 29 South. 548.

The substantive proposition, and the real question presented by the record on the present appeal, is this: Is the order of the commissioners' court levying the special tax in question, which was attacked by the plaintiff as invalid and relied upon by the defendant as an authorization for the collection of the tax, a valid order? This question was raised on the pleadings in the trial of the case, and the rulings of the court in that particular are made grounds of the motion for a new trial, and whether or not the judgment rendered on the trial of the case for the defendant was properly found against the plaintiff on the agreed statement of facts depends, as tested by the motion for a new trial, on the correct rule of law applicable to the proposition embraced in the question stated; and we address our discussion of the case principally to this vital question, upon which rests the right of recovery in the main suit, and upon which depends, principally, whether or not the court was in error in granting the motion for a new trial.

The ground of attack made on the validity of the order levying the tax is based, as will be seen from what we have said, solely upon the contention that the order written upon the minute book or record of the proceedings of the court of county commissioners was not written, compiled, or prepared from a written note or memorandum made by a clerk or other authorized officer at the time or during the term of the court at which the order was verbally passed or made, and that the order as transcribed on the minutes was not afterwards ratified or adopted. The agreed statement of facts upon which the case was tried shows that on the 17th day of August, 1910, while the court of county commissioners was in regular session at an adjourned term of the court, one of the commissioners made a verbal motion "that a special road tax of one-fourth of one per cent. be

levied for the year 1910 upon the taxable property of
Marengo county as the same is assessed for revenue by
the state of Alabama for the year 1910, as shown by the
book of assessment, after it had been corrected, for the
public roads of Marengo county"; that this motion was
seconded by one of the commissioners, was put to a vote
of the board by the presiding judge, and was voted upon
and adopted and declared adopted by the presiding
judge; and that thereupon the court verbally instructed
the legal adviser of the court, one William Cunning-
hame, an attorney at law, to prepare and draw a proper
order to be entered on the record or minutes of the pro-
ceedings of the court, showing a levy of this special
road tax in accordance with the verbal motion that had
been adopted, whereupon the court adjourned for the
term.   It is further made to appear by the agreed state-
ment of facts that some time after the adjournment of
the court the attorney acting under the verbal instruc-
tions received from the court drew up and deposited in
the probate office with the judge of probate the follow-
ing order:  "The court deems it necessary to levy a spe-
cial tax for the erection, maintenance, and improvement
of the public roads of Marengo county.   It is therefore
considered, ordered, and adjudged by the court that a
special tax of one-fourth of one per cent. be, and the
same is hereby, levied for the year 1910 upon the taxable
property of Marengo county, Alabama, as the same is
assessed for revenue by the state for the year 1910, as
shown by the book of assessments after it has been cor-
rected, for the public roads of the county of Marengo;"
that this written order was not submitted to or adopted
by the court after being drawn up by the attorney and
filed with the probate judge as clerk of the court, but
was during the month of December, 1910, transcribed
by the probate judge, acting as such clerk, in the regu-

lar record book containing the minutes of the commissioners' court. It is also shown that no other order or act purporting to levy the special tax was passed, made, or entered. Much else is shown by the agreed statement of facts with respect to the details of the levy, computation, certification on the books, and the plaintiff's liability for and payment of this tax under legal compulsion, that it is not necessary to refer to, as the attack on the order is not based on and does not relate to such matters and they are not involved in the questions presented on this appeal, which go only to the validity of the levy and not to the assessment of the tax.

It is conceded that if the probate judge, acting as the clerk of the court of county commissioners, or some one else in authority, had at the time the verbal action referred to was taken by the commissioners in levying the tax made an informal entry in writing or a note or memorandum of some kind of the action taken by the court, there could then be no question but that after the adjournment of the term at which the verbal action was taken the probate judge in his ministerial capacity as clerk of the court of county commissioners could have entered a valid formal order on the minutes or record book showing the action of the court in levying the tax from such written data. In this connection it has been held that the formal minutes or permanent record of the acts of the commissioners need not, to be valid, be entered during the term of the court at which the action was taken.—*Goodson v. Dean*, 173 Ala. 301, 55 South. 1010; *Adams, Tax Collector, v. Sou. Ry. Co.*, 176 Ala., 58 South. 397.

By its action in levying the tax, the court of county commissioners was not exercising the judicial power or authority conferred upon it, or performing any judicial function, or acting in a judicial capacity, but was act-

ing under the legislative jurisdiction and authority with which it is invested and in its legislative capacity; for the levy of a tax is the exercise of a legislative function (*Perry Co. v. S. M. & M. R. Co.,* 58 Ala. 546; Cooley on Taxation, 244, 245; Burroughs on Taxation, 194; *Com'rs Court v. Moore,* 53 Ala. 25), and the judge of probate, as clerk of the court, in formally entering the order prepared by the attorney on the permanent record, was performing a purely ministerial duty as clerk of the court (*L. & N. R. R. Co. v. Perkins,* 152 Ala. 133, 44 South. 602; 1 Black on Judgments, § 106).

A very different rule of law obtains as applied to the right to make the entry and the validity of the act, when an officer in performing a purely ministerial duty records on the permanent records the actions of the commissioners' court when exercising legislative duties, to that which obtains as applied to a clerk of a purely judicial tribunal when performing a ministerial duty in entering the judgments and decrees of that court upon the records. The reason for the different rule and the distinction in the two cases is manifest, for when a judgment of a court of law has been entered upon the minutes it is an expression of the judicial action of the court, and cannot be changed or amended after adjournment of the term at which it was entered, except in a proceeding nunc pro tunc, and the rules of law applicable to such a proceeding, requiring written data as a basis for the validity of the act, are not the test here, where the commissioners' court has the authoritative right at a subsequent term to amend, annul, or change the action of a legislative nature taken by it at a prior term when it would not be productive of private individual injury. The court of county commissioners sitting in session at a term subsequent to that at which it passed the order levying the tax was clothed with the

power and authority, in the exercise of its sound judgment and discretion, and acting in a legislative capacity in levying the tax, to change, alter, or amend the order levying the tax, even though it had been permanently entered on the records, in any manner which it might have deemed best, within legal limitations; but a court of law has no such right or authority at a subsequent term to change or amend its judgments or decrees entered at a prior term of the court, for they are the expression of the judicial action of the court fixing the status of the parties before the court, and could not be changed or amended without resulting in private individual injury. With this distinction in mind, the inapplicability to the facts and case here presented of the rule of law and authorities cited by the appellee with respect to amending judgments or orders of a court of law nunc pro tunc is obvious.

Nor is it expected that the records of courts of county commissioners should be kept with the technical accuracy of courts of general jurisdiction.—*Speed v. Cooke*, 57 Ala. 209, 217; *State v. Adkins*, 129 Ala. 138, 29 South. 931.

It is required by the statute that the judge of probate must record the proceedings of the commissioners' court (Code, § 3314), and it is expected that he will faithfully perform this duty; but the statutes authorizing a levy of a special tax by the commissioners' court in accordance with the provisions of law (Code, § 3313, subd. 2; sections 134, 138, 139; Acts 1909, p. 279) do not require as a prerequisite of the validity of the levy that it shall be formally recorded in the shape of a written order on the record of the proceedings of the court. The agreed written statement of facts in this case shows a valid levy of the tax to have been made in an action taken by the commissioners on viva voce vote on a verbal motion

[Adams, Tax Collector v. Southern Railway Company.]

at a regular session of an adjourned term of the court. The order making the levy was then complete, and was not rendered defective or invalid because the purely ministerial duty of recording this legislative proceeding of the commissioners' court was deferred and not performed until after the court had adjourned.—*Goodson v. Dean, Probate Judge, et al.,* 173 Ala. 301, 55 South. 1010; *Adams, Tax Col., v. Sou. Ry. Co.,* 176 Ala., 58 South. 397.

It has been held, it is true, and correctly, we think that a written memorial is the only evidence which one court of record can receive of the proceedings of another such court, and that the facts showing the actions of the court can only be proved by the record or written minutes (*Crenshaw Co. v. Sikes,* 113 Ala. 626, 21 South. 135); but it has never been held in this state that orders or judgments are in fact such only when they have been entered on the records of the court rendering them (*L. & N. R. R. Co. v. Perkins,* 152 Ala. 133, 141, 44 South. 602). There is nothing presented by the transcript in this case (as we have hereinbefore shown) that brings before us any question of the trial court's ruling on the admissibility of the evidence showing the verbal action of the commissioners' court, and under our view of the case the ruling on this matter, if error, would have been without injury, and would not have authorized the trial court to grant the motion for a new trial based on that ground.

The original record in the case of *Adams, Tax Col., v. Sou. Ry. Co., supra,* shows that the court in that case had before it the averments in the bill filed by the Southern Railway Company in the chancery court setting up and complaining of the identical matters shown by the pleadings and agreed statement of facts in the instant case with respect to the order made for levying this tax,

and the same contention made here as to the invalidity of the order was insisted upon on the appeal in that case when before the Supreme Court, and McClellan, J., in rendering the opinion in that case, says, in referring to the contention based on these grounds: "That feature of complainant's theory which rests upon the idea that the formal minutes, permanent record, of the acts of the commissioners' court, must be entered during the term of the court at which the action is taken, is entirely untenable, as was expressly ruled in *Goodson v. Dean* [173 Ala. 391], 55 South. 1010."

Our conclusion is that the judgment was properly rendered for the defendant on the trial of the case, and that the grounds of the plaintiff's motion for a new trial were without merit, and that the court below erred in granting the motion and in setting aside the judgment in favor of the defendant.

Reversed and remanded.