(98 South. 890)

·TRAVIS et al. v. FIRST NAT. BANK OF
EVERGREEN et al.   (3 Div. 641.)

(Supreme Court of Alabama. Jan. 24, 1924.)

1. Counties &#9683;196(3)—Taxpayer can secure injunction against misappropriation of county funds.

A taxpayer can secure injunctive relief against misappropriation of county funds by county officials.

2. Counties &#9683;196(7)—Excess of indebtedness when bonds were sold held sufficiently averred in bill to enjoin payment; "issued."

In a suit to enjoin payment of county bonds, a bill averring that "at and before the time said bonds * * * were issued" the county was indebted in excess of its constitutional limit (Const. 1901, § 224), sufficiently averred that the county's indebtedness exceeded such limit when the bonds were sold; "issued," which ordinarily means "emitted or sent forth," being held to mean, in view of bill as a whole, when the bonds were actually executed and delivered for value to the purchasers (quoting Words and Phrases, First Series, "Issue").

3. Counties &#9683;196(7)—Averments of bill to enjoin payment of interest and principal of county bonds held sufficient.

Averments of a bill to enjoin payment of county bonds and interest thereon that interest installments were paid from county funds, that the commissioners were threatening to allow

warrants to pay interest, that the probate judge was threatening to draw warrants ana pay the interest, etc., and that each of such officers would do such acts unless restrained, held sufficient to authorize injunctive relief as clearly showing, not merely a threatened wrong, but intent to pay the interest from county funds unless enjoined.

4. Parties &#9683;80(7)—Necessary parties held sufficiently identified by demurrer for nonjoinder.

Demurrers referring to persons who should be joined as parties to a suit to enjoin payment of county bonds and interest thereon as "holders of the bonds," "owners of the bonds," etc., sufficiently identified the persons intended, to point out any defect in the bill for nonjoinder of proper parties.

5. Parties &#9683;80(1)—Method of raising objection for nonjoinder stated.

Nonjoinder of indispensable parties may be raised by plea or demurrer, or objection therefor may be asserted by the court ex mero motu at the hearing.

6. Parties &#9683;75(1) — Court may, in proper case, proceed to decree without joinder of unknown parties.

If persons materially interested in a suit are unknown, the court will proceed to a decree though they are not made parties, where it can do so without manifest injustice to them or the parties before the court.

7. Counties &#9683;196(6) — Taxpayers may be granted injunction against payment of county bonds without joining unknown owners as parties.

Taxpayers suing to enjoin payment of the interest and principal of county bonds until a judgment is otherwise rendered, on appropriate proceedings by owners or holders of the bonds, may be granted relief without joining unknown owners, who are proper but not indispensable parties, and are·not thereby prevented from enforcing their rights by appropriate remedy.

8. Appeal and error &#9683;1175(7)—Decree overruling demurrers erroneously sustained may be entered in appellate court.

Where the court erroneously sustains demurrers to a bill, a decree overruling them may be entered in the appellate court.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.·

Bill in equity by M. A. Travis and others against the First National Bank of Evergreen and others, to enjoin the payment of certain county bonds. From a decree sustaining demurrer to the bill, complainants appeal. Reversed and rendered.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellants.

The bill contains equity. Reynolds v. Collier, 204 Ala. 38, 85 South. 465; Kumpe v. Bynum, 158 Ala. 313, 48 South. 55; Allen v. La Fayette, 89 Ala. 641, 8 South. 30, 9 L. R. A. 497; N. O., M. & C. R. R. Co. v. Dunn,

---

51 Ala. 128; Gunter v. Hackworth, 182 Ala. 207, 62 South. 101; Moody v. Gunter, 203 Ala. 655, 84 South. 831; Potts v. Comm. Ct., 203 Ala. 300, 82 South. 551; 19 R. C. L. 1031; 28 Cyc. 1746; note Ann. Cas. 1913C, 884. The bondholders were not indispensible parties to this proceeding, and the averment showing an impossibility of joining them, the court should proceed to a decree without them. City Water Supply Co. v. Ottumwa (C. C.) 120 Fed. 309; Mock v. City of Santa Rosa, 126 Cal. 330, 58 Pac. 826; Hoffman v. Rd. of Comm., 18 Mont. 224, 44 Pac. 973; Modoc Co. v. Spencer, 103 Cal. 498, 37 Pac. 483; Kellogg v. School Dist., 13 Okl. 285, 74 Pac. 110; 21 C. J. 270; 20 R. C. L. 704; Marrs v. Southwick, 2 Port. 351; Walker v. Miller, 11 Ala. 1086; Williams v. Crabb, 117 Fed. 205, 54 C. C. A. 213, 59 L. R. A. 425; Chancery rules 18 and 19, 2 Code 1907, p. 1533; Horn v. Lockhart, 17 Wall. 570, 21 L. Ed. 657; 17 R. C. L. 1023; Mayberry v. Morris, 62 Ala. 113; Brooklyn v. Ætna L. Ins. Co., 99 U. S. 362, 25 L. Ed. 416; Empire v. Darlington, 101 U. S. 87, 25 L. Ed. 878; Bradley v. Gilbert, 46 Ill. App. 623; Edwards v. Peo., 88 Ill. 340; Adel v. Woodall, 122 Ga. 535, 50 S. E. 481.

Hamilton, Page & Jones, of Evergreen, for appellees.

There is no equity in the bill. O'Rear v. Sartain, 193 Ala. 275, 69 South. 554, Ann. Cas. 1918B, 593; Goodson v. Dean, 173 Ala. 301, 55 South. 1010; Charlie's Transfer Co. v. Malone, 159 Ala. 325, 48 South. 705; 10 Michie's Dig. 1005; Wright v. East Riverside Dist., 138 Fed. 313, 70 C. C. A. 603; Yesler v. City of Seattle, 1 Wash. 308, 25 Pac. 1014; State Nat. Bk. v. Board of Comm., 121 La. 269, 46 South. 307; Potter v. Lainhart, 44 Fla. 647, 33 South. 251; Gage v. McCord, 5 Ariz. 227, 51 Pac. 977. Under the allegations of the bill the holders and owners of the bonds are necessary parties to this proceeding, and the court will not proceed unless they are joined as parties. State ex rel. Reed v. Gormley, 40 Wash. 601, 82 Pac. 929, 3 L. R. A. (N. S.) 256, 5 Ann. Cas. 856; Page v. Town of Gallup, 26 N. M. 239, 191 Pac. 460; Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411; Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825; Harwell v. Lehman, Durr & Co., 72 Ala. 344; 20 R. C. L. 704; Marshall v. Beverley, 5 Wheat. 313, 5 L. Ed. 97; Brown v. Trousdale, 138 U. S. 389, 11 Sup. Ct. 308, 34 L. Ed. 987; Ribon v. Railroad Co., 16 Wall. 446, 21 L. Ed. 367; State ex rel. McCain v. Metschen, 32 Or. 372, 46 Pac. 791, 53 Pac. 1071, 41 L. R. A. 692; Stallcup v. Tacoma, 13 Wash. 141, 42 Pac. 541, 52 Am. St. Rep. 25; California v. So. Pac. Co., 157 U. S. 229, 15 Sup. Ct. 591, 39 L. Ed. 683; Shields v. Barrow, 17 How. 130, 15 L. Ed. 158; Coiron v. Millaudon, 19 How. 113, 15 L. Ed. 575; Maryland Cas. Co. v. Hill, 100 Wash. 289, 170 Pac. 594.

MILLER, J. This is a bill in equity filed by M. A. Travis and others, each over the age of 21 years, resident citizens and taxpayers of Conecuh county, against the First National Bank of Evergreen, a corporation, and the duly designated depository for the county funds of Conecuh county, S. P. Dunn, the judge of probate, and I. F. Goodson, and the other members of the court of county commissioners of Conecuh county. The bill as amended seeks to restrain and enjoin the defendants from paying certain bonds and interest on the bonds mentioned in the bill, authorized and issued by said court of county commissioners, "unless and until a judgment or decree is otherwise rendered by a court of competent jurisdiction on appropriate proceedings brought by or on behalf of one or more of the owners or holders of said bonds," on the ground when the bonds were issued the county of Conecuh was indebted in an amount greater than 3½ per centum of the assessed value of the property therein, the constitutional limit of the indebtedness of the county, and by reason thereof the bonds are wholly void. The defendants demurred to the bill as amended, which demurrers the court sustained by decree. This appeal is prosecuted from such decree, and it is the error assigned.

[1] There is equity in the bill; a taxpayer can secure injunctive relief to prevent a misappropriation of the funds of the county by the county officials. It is the proper remedy. Potts v. Com'rs Court, 203 Ala. 300, 82 South. 550; Reynolds v. Collier, 204 Ala. 38, 85 South. 465.

[2] That part of section 224 of the Constitution of 1901 here pertinent reads as follows:

"No county shall become indebted in an amount, including present indebtedness, greater than three and one-half per centum of the assessed value of the property therein."

The defendants insist the amended bill is defective in failing to clearly aver that the indebtedness of the county exceeded the constitutional limit when the bonds were sold. The bill alleges the court of county commissioners did in September, 1919, authorize the issuance of bonds or obligations of indebtedness of the county in the principal sum of $15,000, to be dated January 1, 1919, to mature on January 1, 1949, bearing interest at 5 per cent. per annum, payable semiannually, and that, on, to wit, May 8, 1922, this court of county commissioners did authorize the issuance of bonds or obligations of indebtedness of the county in the total principal sum of $20,000, to be dated January 1, 1922, payable January 1, 1952, bearing 5 per cent. per annum interest, payable semiannually. The bill further alleges:

"That pursuant to the said authorization by said court of county commissioners said bonds have been issued and are now outstanding in

the hands of the purchasers thereof or their assigns."

The bill also states:

"That at and before the time said bonds, and all and each of said bonds, were issued, and also on said 2d of September, 1919, and also on said 1st of January, 1919, and also on said 8th day of May, 1922, and also on said 1st day of January, 1922, and at each and all of said times, the said county of Conecuh was indebted in an amount greater than 3½ per centum of the assessed value of the property therein, the constitutional limit of indebtedness of said county, and by reason of said fact the purported issuance of said bonds and of each of said bonds and the purported incurring of said additional indebtedness of said county evidenced by said bonds and each of them was and were wholly void, nil, and of no effect."

What do these words in the bill mean, "at and before the time * * * said bonds were issued"? The word "issue," according to Mr. Webster, means "to deliver or give out." The word "issued" "ordinarily means emitted or sent forth." 4 Words and Phrases First Series, p. 3778. In Wright v. E. Riverside Dist., 138 Fed. 313, 323, 70 C. C. A. 603, 613, the word "issued" is defined in the following manner:

"The word 'issued,'" in reference to bonds is "used in two distinct senses; * * * bonds are sometimes said to be issued when they are merely authorized. Again, they are said to be issued when they are actually executed and delivered for value."

The complainants did not use the word "issued" to mean merely authorized or to mean authorized, because they state clearly twice that the commissioners "did authorize the issuance of the bonds," the first $15,000, and give the date of the authorization; and the complainants again state the commissioners "did authorize the issuance of the bonds," the $20,000 bonds, and give the date of this authorization. So the word "issued" as and where used by the complainants in the bill was intended to mean and does mean when the bonds were actually executed and delivered for value to the purchasers.

The averments of the bill appear clear that the complainants intend to and do aver that at and before the time said bonds—all and each of the bonds—"were issued" (meaning when they were each executed and delivered for value to the purchasers), and on the different dates they were each authorized to be issued, the said county of Conecuh was indebted in an amount greater than 3½ per centum of the assessed value of the property therein, the constitutional limit of indebtedness of the county. The bill sufficiently avers facts showing the bonds were sold and delivered to the purchasers; and at and before the time they were sold and delivered to the purchasers the indebtedness of the county exceeded the constitutional limit.

The averments of the bill were not insufficient in these particulars. O'Rear v. Sartain, 193 Ala. 275, 69 South. 554, Ann. Cas. 1918B. 593; Goodson v. Dean, 173 Ala. 301, 55 South. 1010, and authorities supra.

[3] The bill alleges one or more of the interest installments on these bonds have already been paid out of funds of this county, and the commissioners are threatening to allow warrants to pay interest on these bonds, and the probate judge is threatening to draw warrants and pay interest on these bonds, and the bank, the depository of the funds of the county, is threatening to pay out the funds of the county on these warrants for interest on these bonds. The bill also avers "each and all of said officers and persons will do such respective acts and things unless restrained or enjoined by this court from so doing."

The allegations show more than a threatened wrong. These averments clearly state and show an intent on the part of the officials of the county to pay the interest on these bonds out of the funds of the county unless prevented by injunction. These averments, if true, are sufficient to authorize injunctive relief. Alston v. Dunn, 176 Ala. 421, 58 South. 300; O'Rear v. Sartain, 193 Ala. 275, 69 South. 554, Ann. Cas. 1918B, 593; Goodson v. Dean, 173 Ala. 301, 55 South. 1010.

The appellee insists the demurrers to the bill were properly sustained because the holders and owners of the bonds are not parties to this cause; that they are necessary, indispensable parties, and the court cannot and should not proceed without joining them as parties. Are the defendants, appellees, correct in this contention? It appears from the bill that the owners of these bonds are not registered, the bonds are negotiable coupon bonds payable to bearer, transferable by delivery, the present holders of them (or owners) are unknown to complainants, and cannot be ascertained by the exercise of diligent search and inquiry, and "the only persons whom your complainants have been able to discover by diligent search and inquiry who have ever owned any of said bonds are nonresidents of the state of Alabama, and have no agent in this state upon whom service of process may be had."

The bill does not seek to bind the interest and finally adjudicate the rights of the owners of these bonds by this cause; but it seeks to prevent by injunction the county officers from paying the interest on the bonds, and the principal of the bonds out of funds of the county, "unless or until a judgment or decree is otherwise rendered by a court of competent jurisdiction or appropriate proceedings by or on behalf of one or more of the owners or holders of said bonds."

[4] The defendants demurred to the amended bill for nonjoinder of parties respondent. The parties are referred to, named, and de-

scribed in the demurrers as "holders of the bonds," or "purchasers of the bonds," or "owners of the bonds," or "the present holders or owners of said bonds." Is this sufficient description of the absent party or parties to enable the complainants to amend the bill? Is this demurrer sufficiently specific as to the absent party or parties?

In Chapman v. Hamilton, 19 Ala. 124, this court wrote:

"Demurrer for want of parties must show who the parties are, not by name, for this the defendant might not be able to do, but in such manner as to point out the defect in the bill, and to enable the complainant to amend it."

In Chambers v. Wright, 52 Ala. 449, this court wrote:

"There was no nonjoinder of parties defendant; but the demurrer for this cause did not point out who the absent parties were, and it was for this if for no other reason defective."

In Nelson v. Wadsworth, 171 Ala. 608, 55 South. 122, this court wrote on that subject:

"A demurrer to a bill for want of proper parties should state the names of the parties omitted."

[5] Here the bill alleges the present owners of the bonds are unknown; and the demurrers refer to the persons that should be joined as parties by "holders of the bonds," "owners of the bonds," and "present holders of the bonds." This was sufficient identification by demurrer of the person or persons intended to point out the defect, if any, in the bill for nonjoinder of proper parties. Authorities supra. When a party is indispensable to a cause, so it cannot proceed without him, the nonjoinder may be raised by plea, demurrer, or may be taken by the court ex mero motu at the hearing. Sawyer v. Baker, 66 Ala. 295; Carwile v. Crump, 165 Ala. 206, 51 South. 744.

[6] The present owners of the bonds are unknown to the complainants. The complainants are taxpayers of the county; the officers charged with paying the interest and principal of the bonds out of the funds of the county are before the court as parties defendant. Under the facts averred in the bill the county was in debt beyond the constitutional limit when these bonds and interest coupons were sold and delivered to the purchasers. If this is true, the complainants, taxpayers of the county, have the right to prevent by injunction their payment out of the funds of the county. The complainants have this right and remedy against the officials of the county charged with the duty of paying legal claims out of the funds of the county. These officers are parties to this suit. Shall these complainants be denied this right and remedy because these bonds and interest coupons are held by owners unknown? In a cause like this one, "the court must go as far as it can in affording relief, without doing inequity to any one." 21 Corpus Juris, p. 270, § 274, headnote 37. It is true that all persons materially interested in the suit must be made parties; but, if some of them are unknown, the court will proceed to a decree without them "where this can be done. without manifest injustice either to the parties before the court or to the interested unknown parties who have not been brought in." 21 Corpus Juris, p. 270, § 274; Marr, Ex'rs, v. Southwick, 2 Port. 351, 370.

[7] This bill, as heretofore stated, does not seek to declare null and void these bonds without the unknown owners of them being in court; but it seeks to prevent by injunction the payment of the interest and the principal of these bonds, "unless and until a judgment or decree is otherwise rendered by a court of competent jurisdiction on appropriate proceedings brought by or on behalf of one or more of the owners or holders of said bonds." This right of complainants should not be delayed, and they should not be embarrassed in enforcing it, and the funds of the county illegally paid out because the owners of the bonds are unknown and cannot be brought into court. Their identity may be kept unknown indefinitely. This right can be enforced, and this relief can be granted complainants by the court in this cause, "without doing inequity to any one," and without manifest injustice to any one. This will not prejudice or affect the legal rights of the unknown owners of the bonds. They are not prevented hereby from enforcing their rights, if any, by appropriate remedy. The owners of the bonds for the purpose sought by the bill would be proper but not indispensable parties. The bond owners are proper but not necessary parties to this cause to restrain the payment of the interest and principal of the bonds, which were illegally issued. The reason for it rests "on grounds of high expediency." City Water Supply Co. v. Ottumwa (C. C.) 120 Fed. 309; Mock v. City of Santa Rosa, 126 Cal. 330, 58 Pac. 826; Kellogg v. School Dist., 13 Okl. 285, 74 Pac. 110; authorities supra, and Culley v. Elford, 187 Ala. 165, 171, 65 South. 381.

[8] The court erred in sustaining the demurrers to the bill of complaint as amended. They should have been overruled by the court. A decree overruling them will be entered here.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.