## Ex parte RIVERS.

[APPLICATION FOR MANDAMUS TO CIRCUIT COURT.]

1. *Change of venue, on account of incompetency of presiding judge; discontinuance.*—A criminal cause can not be transferred to another county, against the defendant's objection, on the ground that the presiding judge has been of counsel for the prosecution; yet, although such order of transfer is void, if the cause is taken from the docket in consequence of it, and kept off for several years, the prosecution is thereby discontinued.

APPLICATION by John F. Rivers, for a writ of *mandamus* to the circuit court of Barbour, Hon. J. McCALEB WILEY presiding, requiring that court to strike from the docket a certain criminal cause, wherein the State of Alabama was plaintiff, and said Rivers was defendant; the same being an indictment for an assault with intent to murder one Leroy Upshaw. All the material facts are stated in the opinion of the court.

GEO. W. STONE, for the motion.

JOHN W. A. SANFORD, Attorney-General, and RICE, SEMPLE & GOLDTHWAITE, *contra*.

JUDGE, J.—The applicant was indicted, in the circuit court of Barbour county, at the fall term thereof, 1859, for an assault with intent to murder one Leroy Upshaw. At the spring term of said court, 1863, the prosecuting attorney for the State moved the court to transfer the cause to the circuit court of Macon county, upon the ground that the presiding judge had been of counsel for the prosecution; and said motion having been considered by the court, it was ordered by the court that the cause be transferred to the circuit court of Macon county, and that the clerk make out a transcript of the proceedings as in case of a change of venue, and forward the same, together with the papers belonging to the cause, to the clerk of the circuit court of

Macon county, by the next term thereof. The defendant, being personally present, objected to the ruling of the court transferring the cause as aforesaid, and demanded to be tried in the county of Barbour; which objection was over-ruled by the court, and the defendant excepted.

After the foregoing order was made, the cause disap-peared from the docket, and no other order was made in the cause by the circuit court of Barbour county, until the fall term of said court, 1866, when the solicitor of the cir-cuit moved the court to vacate the previous judgment and order of the court transferring the cause to the circuit court of Macon. The defendant objected to this motion being entertained by the court, alleging as one ground of objection, that eight terms of the court had intervened be-tween the making of the order of transfer, and the motion to vacate said order; but the court overruled the objection, vacated the order of transfer, and directed the cause to be continued in the circuit court of Barbour county, until the then next term thereof. The defendant excepted to the ruling of the court vacating said order, and also to the rul-ing of the court reinstating the cause. At the next term of said circuit court, (the spring term, 1867,) the defendant moved to strike the cause from the docket, for the reason, that there had been a discontinuance of the prosecution; which motion the court overruled, and the defendant ex-cepted; and on the application of the defendant, the cause was continued.

The eleventh section of the bill of rights secures to the accused, in all criminal prosecutions, the right to a " speedy public trial by an impartial jury of the county or district in which the offense was committed "; and, consequently, in a criminal prosecution, except by the consent of the defend-ant, as on an application for change of venue, no such order of transfer as that made by the court in this case would be valid.

It is contended in argument, that the order of transfer in this case is a mere nullity, and that no such consequence as claimed by the accused, on his present application, can legally flow from such nullity. " A thing may be void as to some persons or purposes, and valid as to others."—

2 Burrill's Law Dic. 601. In Bacon's Abridgment, (title " *Void and voidable* ",) the author says : " Void things are good to some purposes. As, if a lessee for twenty years take a lease for ten years, to begin presently, upon consideration that, if a certain thing be not done, the lease shall be void ; in that case, though the second lease be void on the breach of the condition, yet the surrender remains good. So, likewise, if a feoffment be made, to be void on the non-performance of a certain condition; yet, after the feoffor's entry for the condition broken, the feoffee shall have an action for a trespass done by the feoffor before. Also, if a tenant at will grants over his estate, though the grant be void, yet it determines his will."—See, also, *Anderson v. Roberts*, 18 Johnson, 528–9.

Conceding that the order transferring the cause from the Barbour to the Macon circuit court was void, *as an order of transfer*, still the effect of the order was to take the case off the docket of the court where it was rightfully pending ; and by the act of the counsel for the State, with the concurrence of the court, and against the objection of the accused, the cause was taken off the docket, and kept off for more than three years. This active and unlawful interference with the pendency of the cause on the docket, by the solicitor, with the leave and concurrence of the court, and against the objection of the accused, amounts, in law, to a discontinuance or abandonment of the prosecution ; and this, although the cause was taken and kept off the docket, for a void and illegal purpose, which could never be consummated.

It is conceded, that the mere *neglect* or *passiveness* of a ministerial officer, in relation to the discharge of his official duties, could never produce such a result ; but this, as has been seen, is no such case. The court had jurisdiction of the cause; and whether the cause should remain on the docket or not, was a question of judicial cognizance ; and it was taken and kept off the docket, as the effect of a judicial order, made at the instance of the State.

The case of *Drinkard v. The State*, (20 Ala. 9,) is in entire harmony with the conclusion here attained, and the

case of *Harrell v. The State*, (26 Ala. 52,) is not in conflict therewith.

It is therefore ordered, that a rule issue to the judge of the eighth judicial circuit, requiring him to show cause why a writ of *mandamus* should not issue, commanding him to strike the case of *The State v. John F. Rivers*, from the docket of the circuit court of Barbour county.