# *Ex parte* Holton.

## *Application for Mandamus to Compel Judge of the Circuit Court to Strike Cause from the Docket.*

1. *Discontinuance; what operates as.* In this State, on the commencement of a common law action, it is the duty of the clerk to place it on the docket, and afterwards to continue it there from time to time, until it is disposed of by some order of the court; and his mere failure to continue the cause on the docket, unless caused by some positive act of the plaintiff, or by his omission to perform some precedent duty enjoined on him by law, does not work a discontinuance. But, if the cause is kept off the docket by the act of the plaintiff, or by his failure to perform a duty preliminary to the right to have it placed on the docket, this will amount to a discontinuance.

2. *Change of venue; prepayment of costs by party applying for.*—It is the duty of a party obtaining a change of venue, under the statute (Code of 1876, § 3119), to prepay the fees prescribed by the statute for a messenger to transport the transcript and papers in the cause to the court to which the same is removed without any demand therefor; and the clerk is not required to transmit the transcript and papers without the prepayment of such fees.

3. *Same; effect of.*—The effect of a change of venue regularly granted, is the discontinuance of the suit in the court in which it was brought; and thereupon the cause passes out of the jurisdiction, and off the docket of that court; and unless it is transferred to the court to which the change was made and docketed there, it ceases to have a place in any court.

4. *Discontinuance; what amounts to.*—A plaintiff in an action of forcible entry and detainer pending in the circuit court, obtained a change of venue, but neglected for about seven years to prepay the messenger's fees to transport the papers in the cause to the court to which the change was made, or to tender the same, and by reason of such neglect, the papers did not reach the latter court until about seven years after the order for the change of venue was entered, and during that time the cause remained off the docket; *held*, that this wrought a discontinuance of the cause; and this court, on defendants' petition, awarded a *mandamus* com-

[Ex parte Holton.]

pelling the circuit judge to strike the cause from the docket, he having refused to do so on motion made by defendants.

5. *Same; when party not estopped from claiming.*—In such case, the defendants are not estopped from claiming a discontinuance, by the fact that a third party, under whom they held, as tenants, had obtained an injunction restraining the plaintiff from a further prosecution of the suit.

Application to this court for a writ of *mandamus*, to compel Hon. LEROY F. Box, judge of the seventh judicial circuit, presiding at Etowah Circuit Court, to strike from the docket of said court, a cause thereon.

In 1869, M. J. Turnley commenced an action of forcible entry and detainer against W. H. Holton and others, the relators, before a justice of the peace in De Kalb county, and soon thereafter obtained a judgment, from which the relators appealed to the Circuit Court of said county. At the Fall Term, 1873, on the plaintiff's motion, a change of venue was granted to Etowah county, and the clerk was ordered to transmit the proper transcript and the original papers in the cause to the clerk of the Circuit Court of that county. About two months prior to the Fall Term, 1881, of the Etowah Court, Turnley filed the transcript and papers in that court, having prior to that time failed to do so; and at that term the relators moved the court to strike the cause from the docket on the ground, in substance, that by and through the default and neglect of the plaintiff in causing said transcript and papers to be filed in said court, the cause had been discontinued. On the trial of this motion it was shown that immediately after the adjournment of the Fall Term, 1873, of the De Kalb Circuit Court, the clerk thereof made out a transcript of the orders and proceedings in said cause as required by the statute, and that the same and the original papers were by him duly certified to the clerk of the Etowah Circuit Court, preparatory to being transmitted to the latter; but that the plaintiff did not prepay or offer to prepay the fees for the messenger, as provided by section 3119 of the Code of 1876, until some time in the summer of 1881, and that said clerk did not transmit said transcript and papers at an earlier date because such fees were not prepaid. Evidence was also introduced tending to show that, in September, 1873, the plaintiff was notified that the transcript and papers were ready for transmission, and would be transmitted on prepayment of the fees prescribed by the statute for the messenger, and that he refused to make such prepayment; but on this point the evidence was conflicting. The plaintiff introduced evidence showing that one Alexander B. Hanna, who seems to be the real party in interest, and under whom the relators were tenants, and as such tenants in possession of the lands in controversy, on the 4th day of Novem-

ber, 1873, filed his bill of complaint in the Chancery Court of De Kalb county, against Turnley and others, for the purpose of enjoining the further prosecution of said action of forcible entry and detainer, and other actions at law, in which the change of venue to Etowah county was averred; and that on the same day a writ of injunction was issued in accordance with the prayer of the bill.

The Circuit Court overruled relators' motion and refused to strike the cause from the docket, to which ruling they excepted; and thereupon they applied to this court for a writ of *mandamus* to compel the presiding judge of said court to strike said cause from the docket.

Rice & Wiley, for the relators.—(1). The effect of the order for the change of venue was instantly to put an end to all jurisdiction of the De Kalb Circuit Court, and to vest the exclusive jurisdiction of the case in the Etowah Circuit Court. Hence, when the plaintiff procured that order, *he made* " a gap or chasm" in the proceedings and created cause for discontinuance of the action, if *he* kept the cause off the docket, or caused it to be kept off the docket of Etowah Circuit Court during the entire term of that court next succeeding the making of the order, and neither moved for nor procured, during that term, any order from that court to have the case placed on its docket. *Carleton v. Goodwin*, 41 Ala. 154. (2). It was the duty of Turnley to prepay the messenger's fees.—Code of 1876, § 3119. His failure to do so was cause for the discontinuance of the action. He was not prevented from so doing by the issuance of the injunction, because it was not issued until after the adjournment of the Etowah Circuit Court next after the order of removal. (3). The injunction did not prevent Turnley from paying the mileage after its issuance, nor from putting the cause on the docket of the Etowah Circuit Court, and then having it continued under the injunction.

Watts & Sons, Dunlap & Dortch and Aiken & Martin, *contra.*—(1). In order to work a discontinuance, there must be some *act* or neglect of the plaintiff, *inconsistent* with an *intent* to prosecute his case, when he is left free to act. See *Glenn v. Billingslea*, 64 Ala. 345; *Ex parte Remson*, 31 Ala. 270; *Brown v. Clements*, 24 Ala. 354; *Forrester v. Forrester*, 39 Ala. 320. (2). No *laches* can be imputed to the plaintiff before the Spring Term, 1874, of the Etowah Court, as the clerk of the De Kalb Court had until that time within which to transmit the transcript and papers. And before that time the plaintiff had been *enjoined* from doing any thing in the case, and he could not then prosecute the case until the dissolution of the in-

junction. If the cause had been docketed, no action could have been taken, except a "*continuance under injunction*," without a breach of the injunction. Under these circumstances, can it be properly said, that there has been any discontinuance? (3). Section 3119 of the Code of 1876 does not seem to require the costs of the messenger to be paid, except on the demand of the clerk. The last clause shows that if such costs are paid by the opposing party, they are to be taxed in the bill of costs against the adversary. No demand was made on the plaintiff. (4). The procuring of the injunction restraining the plaintiff from prosecuting the suit *in Etowah* was an *act* recognizing the case as being *properly* in that court, done by Hanna, the real party in interest; and neither he nor the relators, who hold under him, can *afterwards* be heard to say that the case was *not* properly in that court. (5). In *Harrall v. The State*, 26 Ala. 52, it was held, that the failure to file the transcript for two terms after the change of venue was ordered, did not work a discontinuance of the cause. There can be no substantial reason for a different rule in a civil case.

STONE, J.—When a change of venue is obtained in a civil cause, the statute, Code of 1876, § 3119, declares that "the clerk or messenger is entitled to five cents per mile, and tolls and ferriages, going and returning, which must be paid in advance by the party applying for the change of venue." The plain import of this statute is, that the clerk shall not be required to transmit the transcript and original papers, for which § 3118 makes provision, unless such prepayment of fees for the messenger be first made. The section of the Code above copied has a further provision, as follows; "If paid [the messenger's fees] by the opposing party, to be taxed in the bill of costs against his adversary." Under this clause it is contended that the party applying for the change of venue was not required to make this prepayment, until demand was made upon him therefor. We think it had a different purpose. When a change of venue is regularly granted, the effect is to discontinue the suit in the court in which it was brought. It passes out of the jurisdiction, and off the docket of that court. If not transferred to the other court, and docketed there, it ceases to have a place in any court. Now, cases may arise, in which the party obtaining the change of venue may have no wish to have the cause appear on any docket. He takes it out of the jurisdiction of one court, by obtaining the order for a change of venue. He may have no wish to place it within the jurisdiction of another court. Better for him, possibly, that the suit abate, and cease to exist in any court. This was doubtless the reason, why the legislature inserted the last clause in section 3119 of the

[Ex parte Holton.]

Code. It was to enable the party against whom the change of venue was obtained, to secure a transmission of the papers and transcript, when his adversary failed to do so, and, at the same time, secure it as a proper charge against the party who applied for and obtained the change of venue. We hold it was the duty of the party obtaining the change of venue to prepay the fees of a messenger to transport the papers, and this without any demand therefor. Neglecting to do so, and the papers not reaching their proper destination in consequence thereof, does this work a discontinuance of the cause? The case remained off the docket about seven years.

In 1 Tidd's Prac. 678, it is said: "The process or proceeding in a suit should be regularly continued from term to term, or from one day to another in the same term, between the commencement of the suit and final judgment; and if there be any lapse or want of continuance that is not aided, the parties are out of court, and the plaintiff must begin *de novo*." In 3 Black. Com. 296, the language is: "When a plaintiff leaves a chasm in the proceedings of his cause, as by not continuing the process regularly from day to day and time to time, as he ought to do, the suit is discontinued, and the defendant is no longer bound to attend." We have not followed these extreme rules of the common law. With us, a common law action being commenced in court, it is the duty of the clerk to place it on the docket, and continue it there from term to term, until it is disposed of by some order of the court. His mere failure to continue the cause on the docket, unless such failure is caused by some positive act of the plaintiff, or by his omission to perform some precedent duty enjoined on him by law, does not work a discontinuance. On the other hand, if the cause is kept off the docket by the act of the plaintiff, or by his failure to perform a duty preliminary to the right to have it placed on the docket, this will amount to a discontinuance.—*Drinkard v. The State*, 20 Ala. 9; *Griffin v. Osbourne, Ib.* 594; *Harrall v. The State*, 26 Ala. 52; *Ex parte Remson*, 31 Ala. 270; *Forrester v. Forrester*, 39 Ala. 320; *Ex parte Rivers*, 40 Ala. 712; *Glenn v. Billingslea*, 64 Ala, 345; *McGuire v. Hay*, 6 Humph. 419; *Peirce v. Bank of Tenn.* 1 Swan, 265; *Moreland v. Pelham*, 2 Eng. (Ark.) 338; *Gilbert v. Hardwick*, 11 Ga. 599.

It is contended, that inasmuch as Hanna, who was the real party in interest, soon after the order was obtained for the change of venue to Etowah county, but after the next term of the Circuit Court of that county, filed a bill, alleging that the case was pending in Etowah county, and obtained an injunction, restraining the plaintiff from further prosecuting that suit, this precludes the present relators, who are the mere tenants under Hanna, from claiming a discontinuance of this cause, on the

ground alleged. This argument rests on two grounds: *first*, that by averring the cause was pending in Etowah court, Hanna must be held to the admission that it was pending there; and *second*, that by enjoining the prosecution of the suit at law, he not only authorized, but required the plaintiff to abstain from any steps to bring about a trial of that cause. When the bill was filed—about one month after the order for change of venue was granted—the suit at law had ceased to be a suit pending in De Kalb county. If it was pending anywhere, it was in Etowah county. The one court immediately succeeded the other, and it could not be contended that a failure of the De Kalb clerk to forward the papers and transcript to that term of the Etowah Court, was such an omission of duty by the plaintiff as to work a discontinuance. Only one day intervened between the courts, and that a Sabbath. Technically, the cause was pending in the Etowah Circuit Court. This averment in Hanna's bill would not estop him from claiming the discontinuance, if he had been the defendant of record in that cause. The injunction obtained, restrained the plaintiff from prosecuting the suit at law. If steps had been taken to bring on a trial, or to prepare for it, this would probably have been a violation of the injunction. Docketing the cause, and having it, by order of the court, continued under the injunction, could not be construed as a disregard or contempt of the order of the court. It would have been simply a mode of preserving the vitality of the cause, and is the customary method in such cases. It could do the complainant in the injunction suit no harm.—*Parker v. Wakeman*, 10 Paige, 485; *Hudson v. Plets*, 11 Paige, 180; *Clark v. Wood*, 11 Halst. 45\*; High on Inj. § 856. By the the plaintiff's omission to prepay the fees of the messenger, the case was kept off the docket of the Etowah Circuit Court for seven years; and during that time there was no authority for placing it on any other docket. This worked a discontinuance.

There is in the record in this cause a written consent, signed by the presiding judge of Etowah Circuit Court, waiving the issue of a rule *nisi*, and consenting that if this court reach the conclusion that the relators are entitled to relief, a peremptory writ of *mandamus* may at once issue. It is therefore ordered and adjudged that the writ of *mandamus* issue to the judge presiding in the Etowah Circuit Court, directing and commanding him to stike from the docket of said court the cause described in the relation and proceedings in this cause, unless upon being certified of this judgment he make such order without further mandatory direction of this court.

[Yarbrough & Co. v. Bush & Co.]

No costs awarded in this cause.—*Ex parte Garland*, 42 Ala. 559.

BRICKELL, C. J., not sitting.