# State of Alabama *ex rel* Crow *v.* Crook, Judge, &c.

123   657
13C   183
123   657
d143  149

## Petition for Mandamus.

1. *Mandamus; right to relief can not be determined by judges of circuit courts.*—The authority to grant writs of *mandamus* does not confer the jurisdiction and power upon the judges of the circuit courts, as judges, to try and determine the cause. It is the court and not the *judge* that has jurisdiction conferred by statute (Code, § 2825) to hear and determine such causes; and such hearing must be had, of course, in term time.

2. *Same; appeal lies from order denying preliminary writ.*—The judges of circuit courts, having the power under the statute, (Code, § 921), to grant the preliminary or alternative writ of

*mandamus,* an appeal will lie under the statute (Code, § 431) from the denial by a circuit judge of an application to grant such preliminary writ.

3. *Same; circuit judge can not render judgment in such proceeding during vacation.*—A circuit judge to whom is addressed a petition *for mandamus,* is wholly without authority to make the preliminary writ granted by him returnable before him in vacation; and upon the return of such preliminary writ in vacation, he has no authority to determine the cause and award or deny the relief sought. Therefore, a judgment rendered by him in such a proceeding in vacation is unauthorized and void.

4. *Same; same; appeal dismissed although parties consent for question to be passed upon.*—As consent can not confer jurisdiction upon an appellate court, an appeal from an order or judgment rendered by a circuit judge in vacation in a *mandamus* proceeding will be dismissed; and this is true, although all parties to the cause on appeal consent for the appellate court to assume jurisdiction thereof and pass upon the questions presented.

APPEAL from order of Judge of Seventh Judicial Circuit denying *mandamus.*

Heard before the Hon. GEORGE E. BREWER.

The State of Alabama on the relation of J. D. Crow, filed a petition addressed to Hon. George E. Brewer, as Judge of the Seventh Judicial Circuit, asking for a writ of *mandamus,* or other appropriate remedial writ, directed to Emmett F. Crook, as Judge of Probate of Calhoun County, commanding him to remove the books, papers and records of his office from Anniston to Jacksonville; and at the latter place keep his office at the court house, and there open for the transaction of business as prescribed by section 3361 of the Code of 1896. Petitioner alleged he owned an unpaid debt secured by mortgage, the record of which in the said probate office, together with the other books, papers and records thereof had been by respondent moved to Anniston, and there kept in an office which respondent claimed to be the probate office by reason of an election held under the acts of the General Assembly of Alabama of 1898-99; that said acts were unconstitutional, null and void; that the court house and county seat were still at Jacksonville,

and not at Anniston; that all pretended proceedings under said Acts of 1898-99 were null and void by reason of the unconstitutionality and invalidity thereof; that any pretended exercise of authority by the said judge of probate in removing his office to the city of Anniston, and his failure and refusal to hold and keep open the same and the books, records and papers thereof in the court house in said town of Jacksonville, is contrary to law, and a failure in the performance of respondent's duty as such judge of probate; that petitioner is a resident citizen of Calhoun County, and has resided there more than 5 years; that he made a demand on said respondent, as such judge of probate, after such removal to Anniston, that he keep his office as such judge of probate at the court house in the town of Jacksonville, and open there for the transaction of business as required by law, which demand was peremptorily refused on the ground and for the reason claimed by respondent that, by virtue of said Acts of 1898-99 of the General Assembly of Alabama and proceedings thereunder, the county seat of said county had been removed from Jacksonville to Anniston where he had opened up the probate office of said county for the transaction of all of the business of the office, and that he would continue henceforth to hold the said office in Anniston. The petition is full and formal in its allegations, and is properly verified by affidavit of the petitioner. Upon filing and inspection of the petition with and before said Judge of the Seventh Judicial Circuit, he ordered it to be entertained, made a rule *nisi* and issued the alternative writ. The alternative writ and rule *nisi* were made returnable to the judge in vacation.

The respondent appeared in obedience to the mandates of the alternative writ and demurred to the petition on several grounds, and moved to discharge the rule *nisi* which had been issued. The grounds of the demurrer and motion were substantially that the petition did not show a sufficient ground why an order should be issued requiring the respondent to remove the books, records and papers from Anniston to Jacksonville, and that it appeared on the face of the petition that the county seat of the county of Calhoun had been, by law, duly and

legally removed from the town of Jacksonville to the city of Anniston. The judge sustained the demurrer and granted the motion to discharge the rule *nisi* and rendered judgment dismissing the petition. From this judgment the petitioner appeals, and assigns as error the rendition of said judgment.

BROWNE & DRYER, for appellant.

THOMAS W. COLEMAN, JR., *contra.*

DOWDELL, J.—The petition for *mandamus* was addressed to the Hon. Geo. E. Brewer, Judge of the Seventh Judicial Circuit, and the prayer of the petition was for the "alternative writ and for a rule *nisi.*" This preliminary writ was granted by the judge and made returnable before him as such in vacation, and on the day to which the writ was made returnable, the judge proceeded to a hearing and rendered judgment in the cause. From this judgment the present appeal is prosecuted to this court.

At the common law the writ of *mandamus* could only be granted by the court and returnable to the court, and was never awarded by a judge in vacation.—*Ex parte Grant,* 6 Ala. 91. The statute, (section 921 of the Code), authorizes judges of the circuit courts, "to grant writs of *certiorari, supersedeas, quo warranto, mandamus,* and all other remedial and original writs which are grantable by judges at common law." The statute is silent as to the return of such writs. Subdivision 2 of the same section, which authorizes circuit judges to grant writs of injunction and *ne exeat* directs that such writs be returnable into the chancery courts. The authority to *grant* writs of *mandamus* does not confer the jurisdiction and power upon the judges of the circuit courts, as judges, to try and determine the cause. If the statute was susceptible of such construction, then with equal propriety it could be said that judges of the circuit court could, as such judges, in vacation, hear and determine proceedings in *quo warranto,* as the statute authorized them to grant this writ, a proposition no one would

contend for. And likewise as to writs of *certiorari.* Section 2825 of the Code, which provides for and regulates the pleadings in proceedings by *mandamus,* also provides that "the court shall award the relief, if any, to which the petitioner is entitled." It is the *court* and not the *judge,* that hears and determines the cause, and awards the relief. Section 2827, which provides for an appeal, is as follows: "From the final judgment of any circuit *court* or other *court* exercising the jurisdiction of such *court,* in any such proceeding, an appeal shall lie to the supreme court as in other cases," etc. (The italics are ours.) Section 2833 of the same chapter relating to *mandamus* and other writs, provides that: "The common law, as now in force in this State, touching any of the matters embraced in this chapter, is not repealed, but left in full force," etc.

In Chapter 8 of the Code, which relates to appeals in general from judgments, orders, and decrees, will be found section 431, wherein provision is made for appeals from judgments of judges of the circuit and city courts on application for writs of *certiorari, supersedeas, quo warranto, mandamus,* and other remedial writs etc. It was not the purpose of this statute to confer any additional power or authority on judges, which did not already exist independent of it. It is a statute giving the right of appeal, and only such judgments are intended as the judge had the power to render on application for the writs mentioned therein; such for instance as a refusal to grant the writ of *quo warranto,* or *certiorari,* or the preliminary writ of rule *nisi* for a *mandamus.* The judge having the power under the statute to grant the preliminary or alternative writ, from his denial on application to grant such preliminary writ an appeal would lie under the above section.

Moreover, obedience to the peremptory writ of *man damus* is enforceable by attachment against the respondent, and the imposition of a fine or imprisonment for contempt, a power not conferred by the statute upon judges as such. To hold that section 921 conferred upon circuit judges the power to award a peremptory writ of *mandamus,* would be to confer an authority without the additional power of enforcing obedience to that authority.

[Canning v. Truss.]

We find nothing in the statute to change the rule of the common law as to the return of the preliminary writ of rule *nisi,* and as the same is returnable to the court in term time and not before the judge in vacation, the proceedings had before the judge in this case in vacation on the return of the writ, were wholly unauthorized by law. The judgment therefore is a nullity, and will not support an appeal. The appeal being unauthorized by law, this court is without jurisdiction of the subject matter, and as jurisdiction cannot be conferred even by consent, it follows that the appeal must be dismissed.—*Nabors v. Morris,* 103 Ala. 543; *Clark v. Spencer,* 80 Ala. 345; *Throne-Franklin Shoe Co. v. Gunn, ante* p. 640.

In line with the view we have expressed above as to the jurisdiction of the circuit judge to hear and determine writs of *mandamus* in vacation, see *Ex parte Booth,* 64 Ala. 312; *Ramagnano v. Crook,* 88 Ala. 450.

Appeal dismissed.