(87 South. 801)

### Ex parte SCHOEL.   (6 Div. 128.)

(Supreme Court of Alabama.   Jan. 20, 1921.)

**1. Mandamus ⟐164(4)—Answer of circuit judge, in response to rule not being controverted, must be taken as true.**

The answer of the circuit judge in response to rule nisi in proceedings for mandamus to require him to vacate and annul an order or decree granting motion for new trial not being controverted, under Code 1907, § 4865, its statements, etc., must be taken as true.

**2. New trial ⟐155—By contesting notice of motion for new trial, plaintiff waived right to claim discontinuance.**

By appearing and unreservedly contesting the notice of motion for new trial, plaintiff waived any right to claim a discontinuance consequent upon the absence of effective orders of continuance of the motion.

**3. Courts ⟐113—Mandamus ⟐53—That pronouncement of continuance of motion for new trial was not at once put in form of minute entry cannot avail petitioner for mandamus attacking order; record of grant of continuance need not be made at time of grant.**

That pronouncement of continuance of defendant's motion for new trial made from the bench was not put in the form of a minute entry, or otherwise recorded or noted down until two days later, cannot avail plaintiff, petitioning for mandamus to require the court to vacate his order granting motion for new trial, the entry of record of the memorial of the judicial pronouncement of continuance having been a ministerial performance that could be effectively accomplished thereafter.

**4. Mandamus ⟐4(3)—Appeal proper remedy against insufficient notice of time when motion for new trial ruled on.**

If any further notice from the court of time when defendant's motion for new trial would be ruled on than was in fact given was necessary to avoid an error that might possibly result from the absence of counsel, appeal, not recourse to mandamus, would serve the purpose to institute revision and relief from the error, and mandamus will not issue where the remedy by appeal is thus afforded.

Petition by Mrs. Lizzie E. Schoel for mandamus to be directed to Hon. Henry B. Foster, as Judge of the Sixth judicial circuit, requiring him to vacate and annul an order or decree granting a motion for new trial in the case of Lizzie E. Schoel against the United Order of the Golden Cross.   Writ denied.

Wright & Bealle, of Tuscaloosa, for appellant.

Failure of the court to enter an order continuing the motion operated as a discontinuance, and put it without the power of the court to act thereon.  200 Ala. 168, 75 South. 916;  188 Ala. 406, 66 South. 64;  177 Ala.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

364, 58 South. 425. The court cannot look to anything but the record. 75 Ala. 376. All actions with reference to the motion should affirmatively appear as of the motion. 69 Ala. 89; 200 Ala. 168, 75 South. 916.

Foster, Verner & Rice, of Tuscaloosa, for appellee.

The writ should not be granted. 1 Ala. App. 633, 56 South. 8; 72 Ala. 134; 1 Black on Judgments, § 106. There was no duty to have the plaintiff called. 127 Ala. 216, 28 South. 666.

McCLELLAN, J. Petition for writ of mandamus to require the judge of the circuit court of Tuscaloosa county to vacate and annul the order under date of June 4, 1920, granting defendant's motion for new trial in the cause of Elizabeth E. Schoel (petitioner in the present proceeding) against the United Order of the Golden Cross, and to declare such order or judgment a nullity.

The theory, in primary substance, of the petition is that because of the want of efficient orders of continuance of the motion for new trial, the circuit court was without power to consider the motion.

[1] The answer of the circuit judge, in response to rule nisi, not being controverted (Code, § 4865), its statements, etc., must be taken as true. Ex parte Scudder, 120 Ala. 434, 436, 25 South. 44.

[2] By appearing and unreservedly contesting the merits of the motion for new trial on June 2, 1920, the petitioner (plaintiff in the judgment in the circuit court) waived any right to claim a discontinuance consequent upon the absence (if so) of effective orders of continuance of the motion. McCarver v. Herzberg, 135 Ala. 542, 544, 33 South. 486; Shipp v. Shelton, 193 Ala. 658, 662, 69 South. 102, among others.

[3, 4] From the answer of the circuit judge it appears that, upon the conclusion of the hearing on June 2, 1920, "the circuit judge stated and ordered from the bench that the motion be continued under advisement for decision Friday, June 4, 1920, but did not at that time make in writing on the motion docket any entry of any kind. The court did, however, state and order from the bench on the said June 2, 1920, that the motion would be continued for decision to Friday, June 4, 1920. On Friday, June 4, 1920, the trial judge, in open court, in pursuance of its order theretofore made on June 2, 1920, announced its ruling granting the defendant's motion for a new trial, and at that time made formal entry, in writing, of the order made on June 2, 1920, as above, and at the same time made formal entry, in writing, of the order granting defendant's motion for a new trial. The plaintiff's counsel was not present in court on June 4, 1920, at the time

the order was entered granting defendant's motion for a new trial, but the order was entered on the day theretofore set in the order made from the bench on June 2, 1920, and during the hour for holding court. The fact that the pronouncement made from the bench on June 2, 1920, curia advisari vult (Ex parte Doak, 188 Ala. 406, 66 South. 64), was not put in the form of a minute entry or otherwise recorded or noted down until June 4, 1920, cannot avail petitioner, since the entry of record of the memorial of the judicial pronouncement was a ministerial performance that could be effectively thereafter accomplished. L. & N. v. Perkins, 152 Ala. 133, 140, 141, 44 South. 602. If it is assumed, for the occasion only, that any further notice of the time when the motion would be ruled on than the above-quoted parts of the answer disclose was necessary to avoid an error that might, in some circumstance, result from the absence of counsel for or against whom the ruling is made (Ex parte Doak, 188 Ala. 406, 412, 66 South. 64, and cases there cited), appeal, not recourse to mandamus, would serve the purpose to institute revision and relief from the error. Mandamus will not issue where remedy by appeal is afforded.

The petition for the writ is denied.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.