155 So. 529

**CRABTREE v. MILLER, Judge.**

**2 Div. 36.**

Supreme Court of Alabama.

Jan. 11, 1933.

Rehearing Denied June 28, 1934.

C. L. Kelly and S. W. H. Williams, both of Greensboro, for petitioner.

London, Yancey, Smith & Windham and Al. G. Rives, all of Birmingham, and Ernest V. Otts, of Greensboro, for respondent.

ANDERSON, Chief Justice.

We do not think the petition was subject to respondent's demurrer. Lambert v. Anderson, 227 Ala. 222, 149 So. 98. Moreover, this point does not seem to be insisted upon in brief.

It seems that the judgments were rendered in term time, and within thirty days thereafter the defendant filed motions for a new trial. The court, on June 22, 1933, made an order continuing the motions to the 27th day of June, 1933, for a hearing. On June the 27th, the judge entered upon the motion "continued to August 28, 1933, for hearing at Greensboro, Alabama," and on August 28, 1933, the same was heard and granted.

The court adjourned under operation of law June 24, 1933. Therefore the motion was continued to and set down for hearing not until the next term of court, but for a day during the vacation of the court and the motions therefore expired upon the adjournment of court. Nor did the judge have the authority to continue the same during vacation, to wit, June 27, 1933.

"If the statute requires regular terms to be held for the trial of causes, the court in the intervals between those terms is, for the purpose of conducting trials, in the same condition as though its authority over the case were entirely withdrawn. It is no longer a court. Judicial powers cannot be conferred upon it by consent of the parties, and any judgment rendered upon a trial had in pursuance of such consent is void, and is so wanting in even the color of judicial authority that it will not be reversed upon appeal." Freeman on Judgments, § 121 (4th Ed.); Garlick v. Dunn, 42 Ala. 404; Norwood v. L. & N. R. R., 149 Ala. 151, 42 So. 683; Ex parte Branch, 63 Ala. 383; State ex rel. Crow v. Crook, 123 Ala. 657, 27 So. 334. We are therefore constrained to hold that the order continuing the motion to the 27th of June, a day during the vacation of the court, was abortive, and the order made by the judge in vacation continuing the motions to August 28, 1933, was unauthorized and void, and that, the motion having been discontinued, the trial court was without authority to grant same.

We are, of course, aware of the statute and rule authorizing the submission of causes to the chancellor in term time for decrees in vacation, but we know of no such statute or rule as applicable to actions at law.

It is contended in brief of counsel that the discontinuance could be and was waived. True, we have held, in several cases, that a discontinuance is waived when the parties appear and argue the motion, meaning, of course, on the merits, the discontinuance is waived, but here we have no such waiver, as the record discloses that, when the motions were taken up for hearing on August the 28th, the plaintiff filed an objection to the consideration of the motions claiming that they had been discontinued and moved to strike the same. Ground 4 of the objection presents the point upon which we rest this opinion.

The mandamus is awarded directing the respondent to vacate the judgment of August 28, 1933, granting the motion for a new trial.

Writ awarded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.