165 So. 80

## Ex parte PHILLIPS.

## PHILLIPS v. REAVES et al.

### 7 Div. 276, 336.

Supreme Court of Alabama.

Nov. 14, 1935.

Rehearing Denied Jan. 16, 1936.

Frank B. Embry, of Pell City, and D. G. Ewing and Horace C. Wilkinson, both of Birmingham, for appellant.

W. T. Starnes, of Pell City, and Knox, Acker, Sterne & Liles, of Anniston, for appellees.

KNIGHT, Justice (after stating the facts as above).

The appellant, being evidently uncertain as to whether appeal was the proper mode of securing a review of the proceedings had on the defendants' motion for a new trial, and plaintiff's motion for a discontinuance of said motion, has presented this case in this court both by appeal and on petition for mandamus. Inasmuch as appellant's effort is to have an alleged void order or judgment annulled, on the ground that the court had lost jurisdiction of the cause at the time the alleged void order or judgment was pronounced, we are of the opinion that mandamus, not appeal, was, and is, the appellant's proper remedy. Crabtree v. Miller, 229 Ala. 103, 155 So. 529.

The petition for mandamus here presented is supported by a duly authenticated transcript of all the proceedings in said cause necessary or proper to a determination of the matters involved. We are authorized, therefore, to consider and determine the questions presented for review. Morris v. McDermott, 224 Ala. 684, 685, 141 So. 659; Brady v. Brady, 144 Ala. 414, 39 So. 237.

The single question presented by the record is: Was the motion for a new trial made by the defendants in the court below discontinued by the failure of the movants to have the orders of continuance made on

the motion duly "entered," as provided by section 6670 of the Code, and if by reason of such failure, and a discontinuance actually occurred, was such discontinuance waived by the plaintiff, appellant?

We are not unmindful, of course, that judicial power cannot be conferred up-on a court by consent of the parties, and that any judgment rendered upon a trial had in pursuance of such consent is void, wanting even in the color of judicial authority. Such an order will not support an appeal. Freeman on Judgments, § 121 (4th Ed.); Garlick v. Dunn, 42 Ala. 404; Norwood v. L. & N, R. R. Co., 149 Ala. 151, 42 So. 683; Ex parte Branch, 63 Ala. 383; State ex rel. Crow v. Crook, 123 Ala. 657, 27 So. 334; Crabtree v. Miller, supra.

From the stated facts, it is obvious that defendants' motion for new trial was seasonably made, seasonably called to the attention of the trial judge, and a proper order setting the same down for hearing on May 12, 1934, was entered upon the motion. It is also obvious that the motion, together with the order made thereon, was duly ·filed with the clerk of the circuit court, treating his deputy as pro hac vice the clerk. With this done, the motion and order must be regarded as duly filed, as contemplated by section 6670 of the Code, whether the clerk actually entered the motion at length upon the motion docket, or simply attached the original motion to a page of the docket. The delivery of the motion into the custody of the proper officer was a "filing," and this was all that was required of the defendants Falley v. Falley, 163 Ala. 626, 50 So. 894; Phillips v. Beene's Adm'r, 38 Ala. 248.·

It is also obvious that on May 12, 1934, the motion was argued at Gadsden, Ala., by counsel for plaintiff and defendants, and at said time and place the trial judge took said motion "under advisement" and to give counsel for plaintiff and defendants time within which to file briefs, and, in the presence of counsel for plaintiff and defendants, a proper order of continuance of the motion to June 12, 1934, was entered upon the motion. This order was filed with the clerk of the court on the same day.

It is also obvious that the motion, by proper order duly "entered," was on June 12, 1934, continued for hearing to June 30, 1934. So that, on June 30, 1934, when the trial judge made his order continuing the hearing of said motion to July 20, thereafter the motion was alive and efficacious to invoke the jurisdiction of the court over the matters involved in said motion.

A concession is found in appellant's brief as to the continuing vitality of the motion up to and including the time of the entry of the order of continuance of said motion on June 30, 1934. At this point in the proceedings, it is the contention of appellant that, inasmuch as the then term of the circuit court ended on June 30, 1934, it was the duty of the defendants, movants, to have this last order of continuance duly "entered" prior to the final adjournment of said court on that day.

On this point the evidence submitted on the hearing of the motion to enter a discontinuance shows quite conclusively that when the June 30th order of continuance was made, it was agreed between the trial judge, and counsel for both plaintiff and defendants, that Mr. Liles, of counsel for defendants, might keep said motion in his possession until the next hearing of the motion, scheduled to occur on July 20, 1934.

While the statute in terms provides that the court, after the lapse of thirty days from the date of the rendition of a judgment, shall lose all control over such judgment as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for a hearing to a future day, yet the filing of the motion within the required period and calling it to the attention of the court serves to invoke the jurisdiction of the court. When invoked, that jurisdiction continues until a discontinuance occurs, which can only be brought about by, or predicated upon, "some positive act of the actor in the proceeding, or in consequence of the actor's failure or omission to perform some precedent duty enjoined upon the actor by law." Ex parte Doak, 188 Ala. 406, 66 So. 64, 67; Ex parte Humes, 130 Ala. 201, 30 So. 732; Ex parte Holton, 69 Ala. 164; Ex parte Remson, 31 Ala. 270; Forrester v. Forrester, 39 Ala. 320; Ex parte Rivers, 40 Ala. 712; Glenn's v. Billingslea, 64 Ala. 345.

A discontinuance is but a legal chasm which the opposite party may waive after it has occurred. Such waiver is not to be regarded as conferring upon the court judicial power which it does not possess. If such was the office or effect of a "waiver," there could never be a waiver, for neither consent, nor the failure to interpose objection, can confer judicial power upon a court,

which it does not possess. If the plaintiff after a chasm in the proceedings, which would justify the entering of a discontinuance, can waive his right to insist upon a discontinuance of the cause, we can see no just reason why the plaintiff may not in advance consent to a certain course of procedure in the cause, which, without such consent, would work a discontinuance.

■ The plaintiff's construction of the agreement is not the reasonable construction to be placed on it. The agreement certainly contemplated that after the order of continuance was made and entered on the motion, it (the motion) should at once pass into the possession of Mr. Liles to be by him safely kept until the next hearing. The effect of the agreement was to render unnecessary the return of the motion to the clerk for filing. We so hold.

However, the agreement aside, on July 20, 1934, the plaintiff's counsel well knowing that the motion had not been returned to the clerk and the order continuing the cause to that date entered, and recognizing the motion was still alive and effective, again appeared before the trial judge, along with the attorneys for respondents, and asked for further continuance of the motion to give them (plaintiff's attorneys) time to file brief; and at the request of plaintiff's counsel the motion was continued for hearing to July 30, 1934.

■ While the formal order of continuance made on July 20, 1934, does not show that the continuance was at plaintiff's request, yet the trial judge's statement filed in the cause on September 8, 1934, and which appears in the record, copied in the bill of exceptions, shows that the continuance was at the request of plaintiff's counsel. This statement of the trial judge does not contradict the order of continuance, and we think it effective for the purpose of showing that the continuance from July 20, 1934, was had as a matter of fact at the request of plaintiff's counsel, and to show that the plaintiff was either not impressed with the idea that a discontinuance had occurred, or, if she was so impressed, that she thereby voluntarily placed herself in such position as precludes her from insisting upon such discontinuance. For this purpose the statement of the trial judge, not contradicted by any record fact, was effective.

There is nothing in this holding which conflicts with the principles announced in the case of Ex parte Adams, 216 Ala. 353,

113 So. 513, cited and insisted upon by counsel for plaintiff.

■ Just assuming for the sake of argument that the motion had been discontinued by reason of the failure to file the order of continuance with the clerk on June 30, 1934, the conduct of plaintiff's counsel on July 20th, upon the call of said motion for hearing, was a waiver of any discontinuance; for, as said by Bouldin, J., in Greer et al. v. Heyer, 216 Ala. 229, 113 So. 14, 15: "It has long been settled that the rule as to waiver of discontinuances applies to motions for a new trial; that consent proceedings, which necessarily recognize the cause as still pending, operate as a waiver of any prior ground of discontinuances. Shipp v. Shelton, 193 Ala. 658, 69 So. 102; B. R., L. & P. Co. v. Hinton, 146 Ala. 273, 40 So. 988; McCarver v. Doe ex dem. Herzberg, 135 Ala. 542, 33 So. 486; Lewis v. Martin, 210 Ala. 401, 410, 98 So. 635; Liverpool, etc., v. Lowe, 208 Ala. 12, 93 So. 765; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641."

■ The trial judge on July 30, 1934, at a time when the circuit court of St. Clair county was in session at Pell City, in open court, called up the said motion, which had been by the order of July 20, 1934, set for hearing on that day, and in open court, in the presence of counsel for plaintiff and defendants, the "court announced that it would take said original motion to Gadsden for the purpose of considering the same, and thereupon, without objection being interposed by either counsel for plaintiff or counsel for defendants, an order was entered continuing said motion to the 10th day of August, 1934."

The logical effect of the action of the court with reference to said motion on July 30, 1934, was to take said motion under advisement, his determination to be announced at a later date, when advised of the proper judgment to be entered. Here it will also be recalled that the merits of the motion had been argued by the respective counsel on May 12th, and the motion taken under advisement, but judgment thereon withheld to give counsel time to file briefs.

Then, with the motion held by the court under advisement, was any further order of continuance necessary during the then term of the court, to keep said motion alive? In short, were any of the continuances made thereafter necessary to keep the motion within the breast of the court? We think not. We are of the opinion that the action

of the court on July 30, 1934, effected to keep said motion alive until acted upon, provided it was acted upon during the then term of the court, not the then sitting of the court. This proposition seems to have been definitely established by a long line of decisions of this court.

The order of July 30, 1934, in taking the motion under advisement after argument, passed the case, under the motion, into the breast of the court, and was an observance of the common-law practice of curia advisari vult. As was said in the case of Ex parte Doak, supra:

"The order curia advisari vult manifests the fact that the hearing is complete and the postponement is for allowing deliberation by the court—not with the view to further or other hearing in the premises. * * *

"The effect of the order of the court taking the motion under advisement being to preserve the power of the court to consider of and pronounce its judgment after the expiration of the 30-day period stipulated in the Practice Act quoted, it is clear that no discontinuance of the proceeding resulted; for it is established with us that a discontinuance can only be predicated of some positive act of the actor in the proceeding, or in consequence of the actor's failure or omission to perform some precedent duty enjoined upon the actor by law. Ex parte Holton, 69 Ala. 164, 188; Ex parte Humes, 130 Ala. 201, 30 So. 732."

A similar pronouncement was made by this court in the more recent case of Greer et al. v. Heyer, supra, in which it was observed: "The necessary effect of the decision is that the submission and taking the motion under advisement operated *to keep the motion alive until the end of the term.* For the purposes in hand, the hearing is regarded as pending, the trial of the motion is constructively in progress until the judgment is rendered, not beyond the limits of the term of court. We approve and follow that rule as most promotive of justice. The movant should not be called upon to disturb the trial judge by calling for a decision on the date of submission, *or for continuances from time to time, pending his consideration of the motion."* (Italics supplied.)

While no formal order of the court made on July 30, 1934, taking the case under advisement, and continuing the same to August 10, 1934, was entered by the clerk upon the minutes of the court, nevertheless it appears that the judge stated an order from the bench that he would hold the motion for consideration, and continued the same to August 10, 1934.

The fact that this pronouncement made from the bench was not put in the form of a minute entry, or otherwise noted down (except an order of continuance to August 10, 1934, noted on the original motion, and filed in court on September 8, 1934), cannot avail plaintiff, since the entry of record of the "memorial of the judicial pronouncement was a ministerial performance that could be effectively thereafter accomplished." Ex parte School, 205 Ala. 248, 87 So. 801; L. & N. R. R. Co. v. Perkins, 152 Ala. 133–140, 44 So. 602.

We are of the opinion, and so hold, that the order made on July 30th in open court, in the presence of counsel for the respective parties, was a continuance under submission as then announced, as construed in Ex parte School, supra, and had the effect of preserving the jurisdiction of the court over the motion. And, further, that fixing the date of August 10th should be construed as indicating a purpose on the part of the trial judge of handing down his decision on that date, that interested parties might be present, a right to which they were entitled. We are further of the opinion that the failure of the court to pass upon the motion on that date, or any subsequent date, within the term, could not be construed or held to be a withdrawal of the submission. This case is not opposed to our holding in the case of Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716. The facts of this case differentiate it from the Mt. Vernon-Woodberry Mills Case, which we think is sound.

We are, therefore, at the conclusion that up to and including the order of the trial judge made in open court, in the presence of counsel for the respective parties on July 30, 1934, there had occurred no grounds for a discontinuance of the motion for a new trial; that the pronouncement made from the bench by the trial judge in open court on July 30, 1934, in the presence of respective counsel for the respective parties, and without objection from them, effected to pass said motion into the breast of the court, and continued in life said motion until, in open court on October 4, 1934, in the presence of counsel for the respective parties, the court made and entered its decision on said motion. The orders of August 10th and 17th, as well as the orders made on September 1st and 8th thereafter, were wholly

unnecessary for the preservation of the life of said motion.

It follows therefore that we are of the opinion, and so hold, that plaintiff's motion for a discontinuance was properly denied.

No argument is submitted here on the merits of the motion for new trial, the sole question being argued upon the propriety of the action of the court upon motion made for a discontinuance. The result is the petition for mandamus must be denied.

Petition for mandamus denied. Appeal dismissed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

On Rehearing.

KNIGHT, Justice.

We have carefully considered the application made for rehearing in this cause, and the forceful briefs submitted in support of the same, including the last brief filed by Judge Horace C. Wilkinson, who appeared as an attorney in the cause for the first time after the case reached this court, and who took no part in the proceedings in the cause in the court below.

We are still convinced, however, that our conclusions heretofore announced are correct, and the application for rehearing is accordingly overruled.

Application for rehearing overruled.

GARDNER, BOULDIN, and FOSTER, JJ., concur.