200 So. 435

**Ex parte SOUTHERN AMIESITE ASPHALT CO.**

**2 Div. 688.**

Court of Appeals of Alabama.

June 25, 1940.

Rehearing Denied Aug. 6, 1940.

4

Richard Hail Brown, of Birmingham, for petitioner.

Coleman, Spain, Stewart & Davies and Ralph B. Tate, all of Birmingham, for respondent.

BRICKEN, Presiding Judge.

This is a petition for mandamus filed in this court to compel the Honorable Benjamin F. Elmore, as Judge of the Seventeenth Judicial Circuit, to set aside and vacate an order made by said judge, setting aside a certain judgment by default with writ of inquiry in the cause of Southern Amiesite Asphalt Company, a Corporation v. H. E. Wolfe Construction Company, and Standard Accident Insurance Company, a Corporation.

The original petition was filed May 9, 1940. Pursuant to the preliminary writ, the matter was here argued and submitted on June 4, 1940.

Notwithstanding the elaborate oral arguments, and also the excellent and voluminous briefs of respective counsel wherein innumerable questions and insistences are presented, predicated upon the unusual and full answer of respondent, we are clearly of the opinion but a single issue, or point of decision, is here presented for our consideration, said issue being engendered by the petition and prayer of petitioner, and the relevant answer of the respondent thereto. After a full and ample premise, the petitioner prays as follows: "Petitioner prays this Court to grant an order for the issuance of an alternative writ of mandamus, or rule nisi, or writ of mandamus, commanding the Hon. Benjamin F. Elmore to answer this petition and to show cause why the peremptory writ of mandamus should not be entered by this Honorable Court, commanding him to set aside his orders entered on March 11, 1940, passing the said application of the defendant from February 9, 1940, to March 1, 1940, and from March 1, 1940 to March 8, 1940, and the orders appearing under said dates and under the date of March 8, 1940, and expunge same from the records of Circuit Court of Sumter County, and to enter an

order or decree discontinuing the said application of Defendant and to strike said application from the docket of said Circuit Court, or that this Court shall now order said Benjamin F. Elmore to set aside and hold for naught his said order of March 11, 1940, and the aforesaid order of March 8, 1940, and the other orders aforesaid, and any order setting aside the judgment rendered in said cause, and to reinstate the judgment rendered in favor of the plaintiff and against the Standard Accident Insurance Company on September 25, 1940 [1939]."

Pursuant to the order of this court, supra, the respondent filed, as stated, his answer; and after reciting full and complete facts upon which said order and judgment of court was had, made and entered the following return, or answer to said writ:

"In view of the foregoing facts I was and am of the opinion that the defendant, Standard Accident Insurance Company, was prevented from making its defense by surprise, accident, mistake or fraud due to one or more of the grounds alleged in the petition for rehearing and proved in the hearing before me, and without fault on its part on one or more of the grounds alleged in the petition for rehearing, and proved in the hearing before me. I am of the further opinion that the defendant alleged and proved on the hearing that 'it had a good defense to the action; namely, that the defendant Wolfe paid plaintiff all sums it was demanding of the defendants before service of Summons and Complaint on defendants. The evidence is undisputed that the material represented by the $249.00 item was not used by Wolfe at all but by a third party, Couch Construction Company, and was used on a project with which Wolfe had no connection. Being convinced that the defendant, Standard Accident Insurance Company, was prevented from making its defense by surprise, accident, mistake or fraud, and without fault on its part, and that it has a good defense to the cause of action sued on, I entered an order granting the relief prayed for. In my opinion and belief this was the only equitable, just and legal conclusion that could be reached in the premises.

"I am of the further opinion that the judgment rendered in this cause on September 25, 1939, is either void or voidable and erroneous for one or more of the fol-

lowing reasons, and therefore that the Writ of Mandamus should be denied."

■ Defendant's motion was made under provisions of Section 9521 of the Code 1923, and after a full, careful and attentive consideration of all the pertinent facts here presented, we have reached the conclusion that said motion was properly granted.

■ Under the authority of Ex parte Doak, 188 Ala. 406, 66 So. 64, and Ex parte Schoel, 205 Ala. 248, 87 So. 801, we hold there was no discontinuance of the proceedings based upon the defendant's motion, supra.

Further discussion, in our opinion, would serve no good purpose, hence will not be indulged.

Writ denied.