74 So.2d 425

**Frances Marie SADLER**

v.

**D. B. SESSIONS.**

**Flora Ann SADLER**

v.

**D. B. SESSIONS.**

**6 Div. 227–228.**

Supreme Court of Alabama.

Aug. 30, 1954.

324

Lipscomb & Brobston, Bessemer, D. G. Ewing, Birmingham, for appellant.

London & Yancey, Birmingham, for appellee.

MERRILL, Justice.

These two cases are consolidated in one record. They arose out of the same accident, were tried together and were submitted here on May 27, 1954, on the merits and on motion to dismiss, and one on petition for writ of mandamus. Appellee also submitted on a motion to strike the transcript of the evidence but it did not become necessary to consider that particular motion.

6 Div. 227 Frances Marie Sadler v. D. B. Sessions

This is an action for damages by the plaintiff against D. B. Sessions for per-

sonal injuries arising out of an automobile accident. On June 8, 1950, a verdict and judgment in favor of plaintiff was entered.

On June 26th a motion for a new trial was presented to the court and it was duly continued to August 10th. The minute entry reads: "On this the 10th day of August 1950, Motion further heard and evidence presented thereon by affidavits and oral testimony taken before the Court by the court reporter and motion taken under advisement." The court made the following entry on the margin of the motion: "August 10th, 1950, Motion further heard and evidence presented thereon by affidavits and oral testimony taken before the Court Reporter, and Motion taken under advisement. Wm. Hugh McEniry, Judge."

On August 25, 1950, the trial judge granted the motion for a new trial. On September 21, 1950, he amended the order of August 25th, the minutes reading: "The court hereby amends the foregoing judgment or order dated August 25th, 1950, by adding the following, 'And to this action of the court the plaintiff duly reserves an exception.'"

On September 22, 1950, appellant presented and filed a motion to set aside and vacate the order of August 25, 1950, as amended September 21, 1950, granting the motion for a new trial. The grounds assigned were that the court erred in granting the motion, it erred in setting aside the judgment and in granting a new trial, and it erred in rendering the order or judgment of August 25, 1950, as amended September 21, 1950. This motion, after being duly continued, was on November 17th, submitted and taken under advisement by the court and on December 21, 1950, said motion was overruled, to which action appellant duly reserved an exception.

The appellant's assignments of error are as follows: (1) The trial court erred in granting appellee's motion for a new trial. (2) The trial court wrongfully granted appellee's motion for a new trial and wrongfully set aside the verdict and judgment in said cause. (3) The trial court erred in rendering its order or judgment on December 21, 1950, overruling appellant's motion

presented to the court and filed in said cause on September 22, 1950, to set aside and vacate and hold for naught the judgment or order of this court rendered in said cause on August 25, 1950, by which said judgment or order the trial court granted appellee's motion for a new trial in said cause and set aside the verdict of the jury and judgment rendered thereon in said cause.

The appellee has filed a motion to dismiss the appeal on the ground that it was not filed within six months as required by law.

The appeal to this court was taken March 19, 1951. The body of the citation of appeal reads as follows:

"Whereas Frances Marie Sadler has taken an appeal from the judgment of the Circuit Court, Bessemer Division, for the County of Jefferson, State of Alabama, in the cause of Frances Marie Sadler Against D. B. Sessions.

"Now, you are, therefore, cited to appear at the present term, 1951, of the Supreme Court of Alabama to defend on said appeal if you shall think proper to do so."

We are unable to ascertain from what judgment appellant seeks to appeal, but based on the assignments of error, it is not from the original judgment, which was favorable to appellant. The appeal must be from some appealable judgment within six months prior to March 19, 1951, to wit: September 19, 1950. Code of 1940, Title 7, § 788.

As shown above, the date of the original judgment was June 8, 1950, and the motion for a new trial was granted August 25, 1950. The amendment to this judgment on September 21, 1950, at appellants' request, was surplusage in view of Title 7, § 764, as amended, Pocket Part, which provides, in part, that whenever a motion for a new trial is granted or refused, either party in a civil case, or the defendant in a criminal case may appeal from the decision of the court and in no case "shall

326

it be necessary for the appellant to reserve an exception to the ruling of the court on the motion for a new trial." In Alabama Coal & Navigation Co. v. State, 54 Ala. 36, it was held that the day on which the judgment was rendered, and not the day on which the judgment entry was amended, the amendment not changing the character of the judgment, is the time from which the limitation begins to run. See annotation 21 A.L.R.2d 297.

[2, 3] An appeal must be taken within the time and manner indicated by statute, and the date from which the time for appeal may be reckoned (where motion for new trial is duly made), is the date of the due and final rendition of judgment on such seasonable motion for a new trial. Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765.

Here the latest appealable order of the circuit court was on August 25, 1950, by which the motion for a new trial was granted. The action of the court on the motion to set aside and vacate the order granting a new trial will not support an appeal.

Although dealing with a motion to set aside a decree sustaining a demurrer to a bill in equity, we think the language of this court in Hinson v. Hinson, 253 Ala. 131, 43 So.2d 130, is applicable here.

"The motion of the complainant to set aside the decretal order sustaining the demurrer and the orders of the court in respect thereto were inefficacious to interrupt the running of the statute fixing the limitations within which the appeal could be taken for two reasons. The first is that the motion was not filed within thirty days from December 6, 1948, and the other is that such motion does not suspend the running of the statute.

"Only motions for new trial at law after final judgment and applications for rehearing in equity after final decree operate to suspend the running of the time fixed by the statute for appeal. Carlisle v. Carmichael, 222 Ala.

182, 131 So. 445; Williams v. Knight, 233 Ala. 42, 169 So. 871; Scott v. Leigeber, 245 Ala. 583, 18 So.2d 275. Appeal dismissed."

Here the attempted appeal of March 19, 1950, was more than six months after the final order of August 25, 1950, and the appeal must be dismissed.

Appeal dismissed.

6 Div. 228 Flora Ann Sadler v.
D. B. Sessions

The facts in this case are identical with those stated in 6 Div. 227, supra, except that (1) the trial judge did not sign his name following the quoted entry of August 10th, 1950, on the motion; and (2) there were two additional assignments of error: that the court had no power or authority to rule on appellee's motion for a new trial after August 10, 1950, and that it lost all power to act on the motion on the expiration of August 10, 1950. The final difference is that in this case, 6 Div. 228, appellant has submitted it in this court both on petition for mandamus and on appeal. Mandamus is the proper remedy when it is sought, as here, to have an alleged void order or judgment annulled on the ground that the court had lost jurisdiction of the case at the time the alleged void order or judgment was pronounced. Ex parte Phillips, 231 Ala. 364[1], 165 So. 80.

The contention that the order was void and the court was without power or authority to act on the motion after August 10th, is based on the fact that the trial judge did not sign his name under or following the order of August 10th, as he did in 6 Div. 227.

We cannot agree with this contention. The minute entry here is identical with that of August 10, 1950, in 6 Div. 227, supra. The trial judge states in his affidavit that upon the conclusion of the taking of testimony on August 10, 1950, and in the presence of counsel of record for both parties, he announced in open court that he would take the motions under advisement and render his decision at a later date; that he

wrote identical entries on the margin of the motion in each case but he inadvertently omitted signing his name under the entry in the case which is now 6 Div. 228.

This court said in Ex parte Phillips, supra [231 Ala. 364(1), 165 So. 85]:

"The order of July 30, 1934, in taking the motion under advisement after argument, passed the case, under the motion, into the breast of the court, and was an observance of the common-law practice of curia advisari vult. As was said in the case of Ex parte Doak, supra: (188 Ala. 406, 66 So. 64, 67).

" 'The order curia advisari vult manifests the fact that the hearing is complete and the postponement is for allowing deliberation by the court—not with the view to further or other hearing in the premises. * * *

" 'The effect of the order of the court taking the motion under advisement being to preserve the power of the court to consider of and pronounce its judgment after the expiration of the 30-day period stipulated in the Practice Act quoted, it is clear that no discontinuance of the proceeding resulted; for it is established with us that a discontinuance can only be predicated of some positive act of the actor in the proceeding, or in consequence of the actor's failure or omission to perform some precedent duty enjoined upon the actor by law. Ex parte Holton, 69 Ala. 164, 188; Ex parte Humes, 130 Ala. 201, 30 So. 732.'

"A similar pronouncement was made by this court in the more recent case of Greer et al. v. Heyer, supra (215 Ala. 229, 113 So. 14, 15), in which it was observed: 'The necessary effect of the decision is that the submission and taking the motion under advisement operated *to keep the motion alive until the end of the term.* For the purposes in hand, the hearing is regarded as pending, the trial of the motion is constructively in progress until the judgment is rendered, not beyond the limits of the term of court. We approve and allow that rule as most promotive of justice. The movant should not be called upon to disturb the trial judge by calling for a decision on the date of submission, *or for continuances from time to time, pending his consideration of the motion.'* (Italics supplied.)"

Therefore, paraphrasing the language of the court in Ex parte Phillips, supra, we are at the conclusion that up to and including the order of the trial judge made in open court, in the presence of counsel for the respective parties on August 10, 1950, there had occurred no grounds for a discontinuance of the motion for a new trial; that the pronouncement made from the bench by the trial judge in open court on August 10, 1950, in the presence of respective counsel for the respective parties, and without objection from them, effected to pass said motion into the breast of the court, irrespective of his inadvertent failure to sign the order, and continued in life said motion until the court rendered its decision on August 25, 1950, and made this decision known to both parties. See Ex parte Schoel, 205 Ala. 248, 87 So. 801.

It follows that we are of the opinion, and so hold, that the court had full authority and power to render the judgment on August 25th granting the motion for a new trial. The result is that the petition for mandamus must be denied.

Other questions in this case are identical with those raised in 6 Div. 227, supra, and the appeal in this case is dismissed on that authority.

Petition for mandamus denied.

Appeal dismissed.

LAWSON, SIMPSON and STAKELY, JJ., concur.